[No. 7113.]

HYSER v. HYSER.

1. DIVORCE—*The State a Party—Duty of the Court*—In all actions for a divorce the state is an interested party, and if in the course of the proceeding, or upon the trial, facts are developed which make it inequitable or unjust that a divorce should be granted, it is the duty of the court to refuse the decree.

2. ——*Continuance*—It is the policy of the courts to be more liberal in granting continuances in proceedings for divorce than in ordinary actions.

The husband's action for a divorce, after slumbering for more than six months without any step taken, was set down on his motion, on the 19th of the month, to be tried on the 25th of the same month. The

wife was, by consent of the husband, residing in Illinois, and the judge of the court then presiding gave her counsel an assurance that if she could not be present at that date a continuance would be granted. This assurance was communicated to the lady. On the day so appointed a continuance was applied for by the defendant, on the affidavit of her attorney showing the above assurance, so given by the presiding judge of the court, that the lady was then unable to be present, that notice of this inability had reached her counsel only on the preceding day, and that this was the first application for a continuance. The delay applied for was only for a fortnight.

Held that though the cause was not tried until the 30th of the month, it appearing (upon a motion for a new trial) that the defendant had notice of the denial of a motion for a continuance only on the evening of the 28th, that she was then attending a sick parent, that she was without means, that she had defeated a former action by the husband, and that the husband was in default in an allowance which he had then agreed to pay her, the denial of the motion for continuance was error.

*Error to Denver County Court.*—Hon. GEORGE W. DUNN, Judge.

Mr. PRESTON H. BARKER, for plaintiff in error.

Mr. CLARENCE M. KELLOGG, Mr. GEORGE B. CAMPBELL, for defendant in error.

Mr. JUSTICE HILL delivered the opinion of the court:

Action for divorce upon the ground of desertion. Judgment was for the plaintiff. It is claimed that the court erred in refusing to sustain the defendant's motion for a continuance. The complaint was filed October 19th, 1908. The defendant's answer and cross-complaint were filed December 5th following, the admitted portion of which disclosed, that the plaintiff had theretofore brought a suit for divorce against the defendant in Denver, which was resisted; that a trial was had on May 9th, 1906, which resulted in a verdict for the defendant; that shortly thereafter the parties entered into a written agreement, which, among other things, provided, that the defendant should, for the present return to Decatur, Illinois, her former home, and that the plaintiff should remain in Denver

and pay to defendant for her and their son's support the sum of $5 per week; that $25 was all the plaintiff had ever paid under this agreement.

The record further disclosed, that on June 17th, 1909, the plaintiff filed his answer to the defendant's cross-complaint; that upon the same day he served notice on defendant's attorney, a resident of Denver, that on June 19th following he would apply to the court to have the case set for trial, on which date, pursuant to said notice, the case was set for trial June 25th; that on June 19th when the case was set, defendant's counsel was present and advised the court that his client resided at Decatur, Illinois; that she desired to be present and testify and that he desired further time within which to secure her attendance; that the trial judge stated that the case would be set for the 25th of June and if the defendant could not be present on that date a continuance would be granted; that the defendant's counsel, relying upon the court's statement as to a continuance, advised his client, by mail, that the case had been set for June 25th, but that a continuance could be had if she were unable to be present on that date; that on June 24th defendant's counsel received a letter from her stating that it would be impossible for her to be in Denver on the 25th.

Upon June 25th defendant's counsel filed a motion for a continuance supported by affidavit setting forth the circumstance, as above set forth, including the statement of the former trial judge to him at the time it was set down for trial, and that it was impossible for defendant to be present on that date, which motion and affidavit included the necessary statements of a good defense, the necessity of the defendant being present to testify, etc., and if a reasonable time of not less than two weeks were granted she could be present, with the further showing that this was the first continuance asked for.

This motion was denied. Defendant's counsel then immediately telegraphed her that the continuance was denied and for her to come at once. At this time the defendant, upon

account of the sickness of her father, had been called to another town, some distance away, and did not receive the telegram until the evening of June 28th, upon account of which it was impossible for her to arrive in Denver in seasonable time for the purpose of attending the trial. This latter fact was disclosed upon the motion for a new trial, which motion further disclosed that the letter referred to, from defendant to her counsel, stated that her financial condition at that time was such that it would be practically impossible for her to come to Denver and attend the trial on June 25th, and requested a postponement for about two weeks for this purpose. The record further discloses that after the bringing of this suit a showing had been made to the effect that the defendant had nothing, and that the plaintiff had been ordered to pay her $50 alimony *pendente lite* and $25 counsel fees, and that this was all she had received from him between the date of the bringing of this suit and the time it was set for trial, a period of over six months.

Under this state of facts we are of opinion that a continuance should have been granted. In all divorce actions there are three interested parties, the plaintiff, the defendant and the state; and if any facts are developed in the proceedings or at the trial which make it inequitable or unjust for a divorce to be granted, the court must see to it that a decree for a divorce is not entered.—*Garver v. Garver,* 121 Pac. (Colo.) 165; *Ward v. Ward,* 25 Colo. 33; *Gilpin v. Gilpin,* 12 Colo. 504; *Redington v. Redington,* 2 Colo. App. 8.

The rules governing applications for continuance are not strictly enforced in divorce cases. It is the policy of the courts to be more liberal in granting continuances in divorce proceedings than in ordinary civil actions.—*Smith v. Smith,* 145 Calif. 615; *Barnes v. Barnes,* 95 Calif. 171; *Wadsworth v. Wadsworth,* 81 Calif. 182; *McBlain v. McBlain,* 77 Calif. 507.

As stated in *Smith v. Smith, supra,*

"It is a matter of public policy that divorces should only be granted where the fullest opportunity has been afforded both sides to be heard, and then only when adequate cause for divorce is shown. Whether such adequate cause exists can only be disclosed after both sides have had an opportunity to present all their evidence. The public has an interest in having no divorce granted excepting for good cause, and it is this consideration of public interest which has largely entered into the formulation by the courts of a more liberal rule to be applied in relieving from default in divorce cases than applies in other cases where property rights alone are involved."

In the case at bar the denial of the motion for continuance resulted in forcing counsel to try the case, not only without defendant, but without witnesses, without evidence, without the means of presenting a defense, and without opportunity to refute plaintiff's testimony. The statement of the trial judge who set the case for trial appears, of itself, to have lulled counsel into a feeling of security that he had an understanding that if the defendant could not be present at the date set, a continuance would be granted as a matter of course. If counsel were misled by the statement of the judge that if necessary a continuance would be granted, this, of itself, in some cases, has been held sufficient to justify the granting of a continuance.—*Smith v. Brand*, 44 Ga. 588.

It is true, as contended by counsel for the plaintiff, that the showing upon behalf of the defendant was not very strong as to her inability to reach Denver at the time the case was set for trial. It was not a physical impossibility, had she been possessed of the finances to be used for that purpose. The illness of her father was probably not very serious, so far as the immediate results were concerned; but, on the other hand, she had been successful in her resistance of the first suit, she returned to Illinois with the consent of her husband, under an agreement in writing that he would pay her so much per week (a very small sum), which agreement he had not lived up to.

Besides, his evidence on desertion as it stands, undisputed, is not any too strong.

The record is undisputed, that she was a woman without means, except such as she might earn by her own efforts; that the son had theretofore had a sickness and that she had paid his doctor-bill; that this was the first continuance asked for; that the plaintiff had taken no steps in the case after the filing of her answer and cross-complaint on December 5th, 1908, until the 17th of June, 1909, upon which date he filed his answer to the cross-complaint, and upon the same day served notice upon her counsel that on June 19th following he would apply to the court to have the case set for trial, which was fixed for June 25th, only eight days after he appears to have conceived the desire to force an immediate trial after having allowed the case to lie dormant for a period of over six months, well knowing that the defendant was then residing without means at Decatur, Illinois, at which place she had been served with summons.

It is true, at stated, that the case was not ultimately tried until the 30th of June, 1909, or six days after the motion for a continuance was filed; but it is likewise true that the defendant did not receive the telegram announcing the overruling of the motion until the 28th day of June, and did not then know but that it might be reached at any moment and the trial be over before she could reach Denver. When it was ultimately reached the motion for continuance was again renewed and denied.

From the facts heretofore stated, considering particularly the then financial condition of the defendant (which stands undisputed) and the statement of the trial judge who set the cause for trial (but who did not pass upon the motion), we are of opinion that it was prejudicial error in a case of this kind, involving the marriage relation, to overrule the motion for a continuance. This makes unnecessary any disposition of the other errors assigned.

· For the reasons stated the judgment is reversed and the cause remanded.                                    *Reversed.*

Mr. JUSTICE MUSSER and Mr. JUSTICE GABBERT concur.