No. 12,482.

CARTIER *v.* CARTIER.
(291 Pac. 1035)

Decided September 29, 1930.

Mr. CHARLES E. FRIEND, for plaintiff in error.

No appearance for defendant in error.

*En Banc.*

MR. JUSTICE ALTER delivered the opinion of the court.

THE parties appear here in the same order as in the trial court, and we shall hereinafter refer to them as plaintiff and defendant.

Prior to January, 1929, the plaintiff brought an action

for divorce; the defendant appeared, filed an answer and cross-complaint, which was subsequently withdrawn, and, on January 28, 1929, upon trial as a noncontested divorce action, findings of fact and conclusions of law were regularly made, signed and filed, in which findings the defendant was found to be guilty of the marital offenses charged by the plaintiff. No motion to set aside the findings was ever filed, and, on October 5, 1929, upon motion of the defendant, and over the express objection of the plaintiff, a final decree of divorce was granted the plaintiff. The plaintiff took all procedural steps necessary to bring the judgment here for review, and asks a reversal.

The Legislature in 1929 passed an amendment to our divorce statutes (Session Laws of Colorado, 1929, c. 91, p. 327), and if the decree was granted because the trial court concluded that this amendatory act was applicable to the instant case, this was error, because the act, at pages 328, 329, provides:

"The findings of fact and conclusions of law *shall provide* that at the expiration of six months from the date of said findings of fact and conclusions of law, if the same have not been set aside and no motion to set the same aside remains unheard and undecided, the *findings of fact and conclusions of law shall operate as a decree of divorce* upon the terms and conditions in said findings of fact and conclusions of law subject to any modifications of the terms or provisions thereof by any intervening order."

"* * * In all cases of divorce heretofore or hereafter brought in this state where findings of fact and conclusions of law *have been made, signed, and filed, as in this Act provided,* * * * the findings of fact and conclusions of law shall operate as a final decree of divorce according to the findings of fact and conclusions of law therein stated * * *."

The findings of fact and conclusions of law in the instant case did not contain the specific terms and pro-

visions which were required by the amendatory act of 1929; therefore the 1929 amendatory act is inoperative herein.

■ If the action of the trial court in granting the decree to the plaintiff, upon motion of the defendant, and over the express objection of the plaintiff, was attempted under the provisions of the amendatory act of 1925 (Session Laws of Colorado, 1925, c. 90, p. 237), this was error, because in *Walton v. Walton,* 86 Colo. 1, 21, 278 Pac. 780, we held: "We further hold that in so far as the amendatory act of 1925 attempts to empower and direct the court to issue its decree upon the application of the guilty party to a divorce action, and only so far, it is not only against public policy, but is unconstitutional."

It is thus evident that the 1929 amendatory act had no application to the instant case because of the failure to incorporate and include, in the findings of fact and conclusions of law, the specific provisions required to make it effective and applicable, and it is also evident that under our holding in the Walton-Walton case, supra, the decree could not properly be issued under the provisions of the 1925 amendatory act.

We are not here called upon to, and do not, determine the constitutionality of the 1929 amendatory act.

The judgment is reversed with directions to the trial court to vacate, set aside, and hold for naught the decree heretofore entered herein, and to reinstate the findings of fact and conclusions of law.

MR. JUSTICE CAMPBELL not participating.