No. 12,833.

JENSEN *v.* JENSEN.
(18 P. [2d] 1016)

Decided January 23, 1933.

Mr. CHARLES R. BOSWORTH, Mr. RODERIC J. BOSWORTH, for plaintiff in error.

Mr. PAUL PROSSER, Mr. CHARLES F. BRANNAN, for defendant in error.

Mr. PHILIP HORNBEIN, Mr. I. L. QUIAT, Mr. RALPH J. CUMMINGS, amici curiae.

*En Banc.*

MR. JUSTICE BURKE delivered the opinion of the court.

THESE parties are hereinafter referred to as Jensen and Mrs. Jensen respectively.

A motion to dismiss this writ has heretofore been denied. We will not again cover that ground. The question now before us is the validity of a judgment setting

aside a decree of divorce. Mrs. Jensen sued for divorce on the ground of desertion. January 24, 1924, trial was had to the court and findings of fact entered in plaintiff's favor, with conclusions of law entitling her to final decree at the expiration of six months. Shortly before the time so limited had run she wrote her attorney not to proceed and, July 23, 1925, he answered that he would act accordingly. Three days later counsel for Jensen moved that final decree be entered and that was done. Chapter 90, p. 238, S. L. 1925, authorized the court to so act, and Mrs. Jensen's attorney then told her that the decree was valid. March 4, 1929, we held that statute unconstitutional. *Walton v. Walton,* 86 Colo. 1, 278 Pac. 780. Mrs. Jensen read a newspaper report of that decision and consulted counsel about setting aside her decree. She was told its validity was still in doubt because of the 1929 Act of the Legislature. (S. L. 1929, p. 327, c. 91.) June 10, 1929, we denied a rehearing in the Walton case. September 29, 1930, we held the Act of 1929 inapplicable in certain cases. *Cartier v. Cartier,* 88 Colo. 76, 291 Pac. 1035. And Mrs. Jensen's attorney so advised her. In January, 1931, she authorized him to move to vacate the decree. He made such an application, March 20, 1931, and Jensen moved to strike it. Four days later these motions were heard, the last was denied and the first was granted, and the decree was vacated. To reverse that judgment Jensen prosecutes this writ and asks that it be made a supersedeas.

Many questions are presented by this record which, in the view we take of the case, require no notice. Whatever the law was, or is, Mrs. Jensen is presumed to have known it. This rule is sometimes a hard one, but without it states could not exist. If Mrs. Jensen's want of knowledge or information governs here then in many cases, perhaps most, statutes of limitation would be inoperative. Mrs. Jensen knew, almost as soon as the decree was entered, that it had been done on Jensen's motion. Presumably she knew that, for that reason, the

decree was invalid. Presumably she knew that her timely protest would remove it. Nevertheless she remained silent for over five years, silent until, as is alleged and not denied, Jensen remarried. Silent until she heard of the Walton decision in March, 1929, and silent for two years thereafter.

We need not here concern ourselves with the use, or misuse, of the terms "void" and "voidable" in statutes and adjudicated cases, nor need we notice the one year limitation in the Act of 1929. We prefer to dispose of this litigation on a fact more potent and a principle more far reaching.

■■ Consent cannot confer jurisdiction, but it can authorize or ratify its exercise. The trial court had jurisdiction of the parties and the subject matter. Its jurisdiction to do the particular act, i. e., enter the decree, depended solely upon a request, or something tantamount to a request, by Mrs. Jensen. She could make that request in person or by counsel. If made by another she could ratify it in writing, and of record, as of the date it was made. What she could thus do directly she could do indirectly. Knowing that a judgment had been entered by request of another, and was being acted upon as valid, which depended for its validity upon her request, her knowledge and acquiescence over a long period was equivalent to such request. In other words she so ratified, and that ratification related back to the time of the entry of the decree.

■ We have repeatedly declared that the state is a third party to every divorce. *Garver v. Garver,* 52 Colo. 227, 121 Pac. 165; *Hyser v. Hyser,* 53 Colo. 199, 124 Pac. 346. It is also a third party to every marriage and a silent partner in every home, because its integrity rests upon the integrity of the family. *In re De Laveaga's Estate,* 142 Cal. 158, 75 Pac. 790, 795.

■■ With full knowledge that a divorce decree had been entered, a decree which one is lawfully entitled to have vacated, it is unthinkable that she should be per-

mitted to reserve her protest until, on the faith of that judgment, marriages have been contracted, children born, estates accumulated, disposed of by will, descended by death and distributed by administration, and then be permitted to pull the cornerstone from the entire structure and bring it down upon the heads of all those whom it has so long sheltered. He who remains silent when duty requires him to speak will not be heard when public policy demands his silence.

There is nothing new in all this. It is the age old wisdom and common sense of a race, fortified by innumerable statutes and reiterated in countless adjudicated cases. Of the latter we note *Boyd v. Boyd,* 68 Colo. 293, 189 Pac. 608; *Zoellner v. Zoellner,* 46 Mich. 511, 9 N. W. 831; *Guggenheim v. Guggenheim,* 189 Ill. App. 146.

In this cause, which was assigned to the writer of this opinion December 27, 1932, the judgment is reversed and the cause remanded with directions to the trial court to dismiss, at her costs, Mrs. Jensen's application to vacate the decree.