No. 12,836.

CARTIER *v.* CARTIER.
(28 P. [2d] 1010)

Decided January 8, 1934.

Mr. Charles E. Friend, for plaintiff in error.

Mr. Sam F. Davis, for defendant in error.

*En Banc.*

Mr. Justice Holland delivered the opinion of the court.

The parties appear in the same order as in the trial court.

Prior to January, 1929, plaintiff filed her complaint in divorce; the defendant filed an answer and cross-complaint and on January 28, 1929, the answer and cross-complaint were withdrawn and plaintiff was allowed to proceed on her complaint as a noncontested divorce action. The court signed findings of fact and conclusions of law determining the guilt of defendant as to the matters charged in the complaint, which findings and conclusions were regularly filed as of that date. No motion to set the same aside was ever filed by either party. On October 5, 1929, the court, over the objections of plaintiff and upon the motion of the defendant, granted plaintiff a final decree of divorce. Plaintiff had that action and order of the trial court reviewed in this court in case No. 12482, decided September 29, 1930, entitled *Cartier v. Cartier*, 88 Colo. 76, 291 Pac. 1035. On that review, the aforesaid decree was ordered vacated and the findings reinstated in the following language: "The judg-

ment is reversed with directions to the trial court to vacate, set aside, and hold for naught the decree heretofore entered herein, and to reinstate the findings of fact and conclusions of law.''

On April 1, 1931, the defendant, after notice to plaintiff, filed his motion for an order requiring plaintiff to amend the findings of fact and conclusions of law or the alternative of dismissing the action, and as grounds for said motion alleged the failure of plaintiff to have a decree of divorce entered, and that it is against public policy for marital relations to remain undecided for a period exceeding six months after the signing of the findings of fact and conclusions of law. Plaintiff appeared, filed her affidavit in opposition to defendant's motion, and on April 6, 1931, the court on the hearing of defendant's motion carried out the mandate of this court by ordering the decree of October 5, 1929, vacated and the findings of fact and conclusions of law dated January 28, 1929, reinstated and in the same order gave defendant five days in which to file a motion to set aside the reinstated findings of fact and conclusions of law and present new findings of fact and conclusions of law which would contain a certain provision of chapter 91, page 327 of the Session Laws of 1929, to which order, plaintiff filed her written objections. On April 11, 1931, defendant filed his motion to set aside said findings of fact and conclusions of law and at a hearing on the 13th day of April, 1931, presented new findings of fact which contained the provision of the 1929 Session Laws above mentioned which is as follows: '' * * * that at the expiration of six months from the date of said findings of fact and conclusions of law, if the same have not been set aside and no motion to set the same aside remains unheard and undecided, the findings of fact and conclusions of law shall operate as a decree of divorce upon the terms and conditions in said findings of fact and conclusions of law subject to any modifications of the terms or provisions thereof by any intervening order.'' Thereupon the court

set aside the findings of fact and conclusions of law entered January 28, 1929, and entered new findings of fact which contained the provision above set out and made the further finding, that the juvenile court of the City and County of Denver had acquired jurisdiction of the defendant with regard to the support and maintenance of his two minor children. On April 13, 1931, plaintiff tendered her decree of separate maintenance which was refused by the court, and on April 14, 1931, she also filed a motion to strike the findings of fact from the files and further to strike certain new provisions of the amended or new findings which was overruled by the court.

Plaintiff thereupon asked leave to file motion for a new trial which was denied and plaintiff moved for a stay of execution and time for filing bill of exceptions. Same was denied by the court on the ground that there had been no final judgment entered. To review these later proceedings, plaintiff was allowed to prosecute this writ.

Nine assignments of error have been made, some of which we consider it unnecessary to discuss. Those that attract our attention are as follows: (1) Setting aside the findings of fact and conclusions of law ordered by this court to be reinstated; (2) entering new findings; (3) entering findings with provisions for final decree under the 1929 Session Laws; (4) abdication of the court's jurisdiction of plaintiff by finding that the juvenile court had acquired exclusive jurisdiction.

■■ This court reviewed and fixed the status of the parties herein in case No. 12482, and fixed by its mandate, the power of the lower court when it ordered that the decree forced upon plaintiff by motion of the guilty defendant be set aside and the findings of fact and conclusions of law entered in that case be reinstated. This action originated under chapter 90 of the 1925 Session Laws. That law provides:

"No decree of divorce shall be granted until the expiration of six months from the day on which such findings of fact and conclusions of law were filed * * *.

"At any time before the expiration of the said six months either party shall have the right to appear by a verified petition * * * and apply to the court for an order to set aside the said findings of fact and conclusions of law, * * *."

This statute is clearly one of limitation. The time is definitely fixed when such motion can be filed, that is, any time before the expiration of six months from the filing of the findings of fact and conclusions of law.

■ In this case, the defendant did not avail himself of this statutory right in the first case or at any time, but seeks by this indirect method two years after the date of the original findings to set the same aside and have entered in lieu thereof findings that would automatically operate as, and force upon plaintiff, a decree of divorce against her desire and over her objection, and in this shocking design, he received the aid of the court, all of which is contrary to the settled law of this state. *Milliman v. Milliman*, 45 Colo. 291, 101 Pac. 58; *Willoughby v. Willoughby*, 71 Colo. 356, 206 Pac. 792.

■ The provision for the findings of fact and conclusions of law operating as a decree of divorce at the expiration of six months if not set aside or motion pending to set same aside, is not a retroactive provision. It then follows that it could not be applied to a finding dated January, 1929, when the act did not become effective until August 9, 1929. This court said in *Cartier v. Cartier, supra,* that the 1929 act was inapplicable to the findings in that case because that provision was not incorporated in the findings and it could have properly gone a step farther by saying such provision could not have been incorporated because same was not in force in any statute at the date of the findings. The predicament in which the defendant finds himself is occasioned by his own acts, which were sufficient and which he allowed to be sustained as proof of cruelty in the original action by withdrawal of a defense thereto.

■ We feel that the court was in error in finding

that it was deprived of jurisdiction of defendant and the children and that such jurisdiction was exclusive in the juvenile court. The record in this case discloses that the action in the juvenile court against the defendant was for nonsupport and not a dependency charge. Had the juvenile court acquired jurisdiction of the children in a dependency charge, it could have retained that jurisdiction, but for a district court to abdicate its jurisdiction as to the plaintiff under the circumstances of this case, is a violation of plaintiff's rights in a matter wherein she seeks her own support and a judgment for support money heretofore ordered and unpaid and which is made unenforceable and totally destroyed by this process wherein the court divested itself of jurisdiction of defendant, and if allowed, would become an adjudication of such matters against her. A court is not at liberty to thus divest itself of, or freely disclaim, jurisdiction after it has once taken jurisdiction of parties properly before it. Its sanction of such loose procedure would be a denial of the rights of litigants to seek and finally obtain relief in a court of competent jurisdiction and would be an approval of the evasion of what is sometimes an unpleasant function of the judiciary upon an uncertain pretense.

We hold that there was no error committed by the court in failing or refusing to sign the decree of separate maintenance tendered by the plaintiff for the reason that plaintiff, by her complaint in this action, prayed for a decree of divorce and upon a hearing, the court determined and made a finding that she was entitled to a divorce at the expiration of six months from the date of the finding. Findings were entered in her favor to that effect. If she was dissatisfied therewith or had changed her mind as to the relief desired, she could have applied to the court to set the findings aside or dismiss her action. She cannot now after such findings be permitted to have different relief except upon a different pleading in another action, for the reason that we can-

not say, that had she originally applied for a decree of separate maintenance that the court, after hearing the evidence, would have granted her prayer.

For the reasons herein given, the order of the court vacating and setting aside the original findings is reversed and remanded and the trial court is directed to set aside the substituted or new findings dated April 13, 1931, reinstate the original findings dated January 28, 1929, and assume and take full jurisdiction of the parties hereto to the end that such orders may be entered by it as are proper under the circumstances of the case.

MR. JUSTICE CAMPBELL and MR. JUSTICE BOUCK not participating.