No. 13,738.

KASTNER *v.* KASTNER.
(55 P. [2d] 947)

Decided February 24, 1936.   Rehearing denied March 16, 1936.

Mr. Cable Whitehead, Mr. Albert L. Vogl, Mr. F. A. Wachob, for plaintiff in error.

No appearance for defendant in error.

*In Department.*

Mr. Justice Hilliard delivered the opinion of the court.

The question is whether on findings entitling one party to a decree of divorce at or after a fixed statutory period, of which that party did not make avail, the court at the instance of the other party may grant the decree. The trial court's answer is reflected in a decree entered at such instance.

It appears that March 13, 1928, plaintiff in error prevailed in an action for divorce against defendant in error, and findings were entered to the effect that at the expiration of six months she "will be entitled to a decree of divorce;" that September 15, 1928, on request of defendant in error, the court entered final decree of divorce; that February 15, 1932, the decree was voided by this court (*Kastner v. Kastner,* 90 Colo. 280, 9 P. (2d) 290); that March 7, 1935, plaintiff in error still not having exercised her right to that end, the court again acted on the request of defendant in error and entered a decree of divorce. The entry of decree on the first occasion was based on chapter 90, Session Laws 1925, which provided that upon motion of either party the findings not having been set aside within the statutory period, "the court shall grant a divorce to the party entitled thereto," while the present one is predicated on chapter 71, Session Laws 1933, sections 4 and 5 whereof reading as follows:

"Section 4. In all actions for divorce heretofore brought where findings of fact and conclusions of law have been made, as may have been heretofore provided

for by law, and such findings have not been set aside and no motion or petition to set the same aside remains undecided, and the successful party to the action has not applied for a final decree of divorce within one (1) year after the entry of the date of such findings, it shall be lawful for either party to such action, at any time after one (1) year from such date, to apply for a final decree of divorce and the Court may, in the exercise of its discretion, enter a final decree of divorce which shall establish by its provisions, the terms and conditions upon which such final decree is issued.

"Section 5. The General Assembly hereby finds and determines that public polity requires that the marital relation and the rights of parties to an action for divorce, and the rights of children and property rights should be rendered certain, and that the public welfare requires that divorce actions shall be finally determined within a reasonable time after trial. It is hereby declared that the lapse of one (1) year after the date of findings of fact and conclusions of law, or after the date of the interlocutory decree, is a reasonable time in which the marital status should be determined, unless such findings have been duly set aside by an order of Court as is herein provided."

It further appears that June 20, 1932, and after our mandate in *Kastner v. Kastner, supra,* the court vacated its decree of divorce as directed, and proceeding under chapter 91, Session Laws 1929, and *Cartier v. Cartier,* 88 Colo. 76, 291 Pac. 1035, made amended findings, calculated to work an automatic decree of divorce as contemplated in said act; that subsequent thereto, the Cartier case again coming before us (94 Colo. 157, 28 P. (2d) 1010), we held that, since the case there was tried and findings entered before the enactment of 1929, amended findings comparable to those here were not allowable. The case stood thus until the decree of March 7, 1935, based on the act of 1933.

On oral presentation, although arguing otherwise in

their brief, counsel for plaintiff in error conceded the constitutionality of the 1933 enactment. In that view, while we pretermit decision generally on the subject, we find no warrant for disturbing the decree here. Considering the original findings, the act contemplated the decree entered by the court. Other findings recited by the court, at which counsel have leveled criticism, may well be disregarded. Whatever else may be said, the claimed unsound findings were made by the court prior to our observations on the 1929 Act (94 Colo. 157), until when there was plausible basis for the belief that the findings might be amended as attempted by the court in this instance (88 Colo. 76). The whole record considered, we think that what the court did between its findings of March 13, 1928—sufficient for every purpose of the law—and entry of decree pursuant to the Act of 1933, is unimportant.

We believe the contention that the court's order on our previous mandate was violative thereof, is without merit. As we interpret the order, there was vacation only as to the divorce proper, which was the sum of our direction.

Wisely, as our study convinces, and in contemplation of the Act of the General Assembly, legally, the trial court proceeded to unerring judgment. Let affirmance be ordered.

MR. JUSTICE BURKE sitting for MR. CHIEF JUSTICE CAMPBELL, and MR. JUSTICE BUTLER concur.