David J. PAUL, Petitioner,

v.

INDUSTRIAL COMMISSION of the State of Colorado and F. A. Heckendorf, Inc., Respondents.

No. 80CA0737.

Colorado Court of Appeals, Div. III.

May 14, 1981.

Rehearing Denied June 11, 1981.

Geoffrey deWolfe, Carol Glowinsky, Colorado Springs, for petitioner.

J. D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Mary J. Mullarkey, Sol. Gen., David L. Lavinder, Asst. Atty. Gen., Denver, for respondents.

KIRSHBAUM, Judge.

Unemployment compensation claimant, David J. Paul, seeks review of a final order of the Industrial Commission requiring him to repay previously awarded benefits. We affirm.

Having been discharged from employment, claimant filed a claim for unemployment compensation benefits in August 1979. On September 10, 1979, claimant was awarded benefits in the amount of $81 per week by a deputy. The employer appealed, and a hearing before a referee was scheduled October 15, 1979. Claimant's notice of that hearing contained the following statement:

"A hearing . . . is conducted to determine why the employee was separated from his job and whether he is entitled to, or is qualified for benefits. All issues

and factual matters affecting claimant's eligibility and qualifications for benefits will be heard...."

The notice also advised claimant that he might confer with his local employment office if he did not understand the law and his rights respecting the appeal from the deputy's ruling.

On the basis of the evidence adduced at the October 15, 1979, hearing, the referee modified the deputy's award, concluding that claimant was disqualified from receiving benefits for 14 weeks. Claimant did not appeal that ruling.

On November 5, 1979, claimant received a notice from the Commission that he had been overpaid in the amount of $567 in unemployment benefits. After a hearing and other proceedings not here relevant, the Commission determined that claimant had been overpaid in that amount, that claimant did owe the Commission that sum, and that repayment should be made as an offset against future benefits to which claimant might be entitled.

Claimant contends that the provisions of 42 U.S.C. § 503(a)(1) prohibit any offset against future benefits to be assessed against a claimant who is not at fault in creating an overpayment of benefits. We disagree.

■ 42 U.S.C. § 503(a)(1) requires state unemployment compensation programs to "be reasonably calculated to insure full payment of unemployment compensation when due ...." The statute provides a means to insure prompt payments in lieu of wages to eligible individuals who become unemployed through no fault of their own. *California Department of Human Resources v. Java*, 402 U.S. 121, 91 S.Ct. 1347, 28 L.Ed.2d 666 (1971). Colorado's unemployment compensation statutes are intended to further the same goals. Section 8–74–109(1), C.R.S. 1973 (1980 Cum.Supp.).

■ Nothing in the language of the federal statute nor its stated purposes suggests that Congress intended to provide a permanent windfall to individuals who receive initial benefits to which, it is later deter-

mined, they are not entitled. Colorado's statutory program of authorizing immediate payment of unemployment compensation benefits prior to any formal hearing and permitting repayment of sums subsequently found to have been improperly advanced in the form of offsets against future awards furthers the policies of ensuring fair treatment for the unemployed which underlie the provisions of the federal act. *See Cardenas v. Commonwealth Unemployment Compensation Board of Review*, 36 Pa. Cmwlth. 543, 388 A.2d 765 (1978).

■ Claimant also argues that the notice he received respecting the referee's hearing was fatally defective and violative of due process of law because it did not specifically inform him that he might be required to repay his previously awarded benefits. We again disagree.

The General Assembly has provided specifically for the recovery of benefits by the Commission when the benefits are paid in error. Sections 8–74–109(2), 8–81–101(4), C.R.S. 1973 (1980 Cum.Supp.). Claimant, having requested benefits pursuant to the unemployment compensation statutes, must be presumed to have knowledge of the contents of that statute. *See Jensen v. Jensen*, 92 Colo. 169, 18 P.2d 1016 (1933); *Pomeranz v. Class*, 82 Colo. 173, 257 P. 1086 (1927).

Claimant concedes that the notice he received advised him of a possible disqualification and a potential loss of unemployment benefits. Such warnings were sufficient to put claimant on reasonable notice that his previously awarded benefits might be forfeited. *See Tucker v. Caldwell*, 608 F.2d 140 (5th Cir. 1979). We conclude that an express warning of the results of such adverse determinations was not constitutionally required.

Order affirmed.

BERMAN and KELLY, JJ., concur.