James N. RICHARDSON, Petitioner,

v.

FREUND AND COMPANY, Total Plumbing, Inc., and The Industrial Claim Appeals Office of the State of Colorado, Respondents.

Nos. 87CA1155, 87CA1156.

Colorado Court of Appeals,
Div. I.

April 7, 1988.

William E. Benjamin, Denver, for petitioner.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Aurora Ruiz–Hernandez, Asst. Atty. Gen., Denver, for respondent Indus. Claim Appeals Office.

No appearance for respondents Freund and Co. or Total Plumbing, Inc.

HUME, Judge.

Claimant, James N. Richardson, seeks review of two decisions of the Industrial Claim Appeals Office (Panel) which affirmed the referee's rulings denying his request for waiver of payment of transcript costs. Claimant sought the waivers to enable him to appeal two earlier rulings which had denied his claims for unemployment compensation. We set aside the orders.

A request for waiver of transcript fees in connection with an administrative appeal under the Colorado Employment Security Act requires a determination whether the claimant would suffer undue financial hardship by being required to pay the fees. Unemployment Compensation Commission Regulation 11.2.15.4, 7 Code Colo.Reg. 1101–2 at 36:01. That regulation provides that, in determining the issue of undue hardship, the referee may consider:

"any relevant factors ... including ... the party's income and available money and his existing expenses; the approximate cost of the transcript; and whether payment of this cost would deprive the party or his family of basic necessities."

To aid in gathering information required by the regulation, the Division of Employment and Training (Division) has devised a form to be completed by parties requesting waiver.

The "Request for Waiver" form designed and used by the Division seeks financial information which is pertinent under the regulation, but then mixes that information in a manner that may distort an applicant's financial statement rather than clarifying it. For example, the form asks the applicant for cash flow entries such as "money received to date" and "money expected before the end of the month" and directs that these sums be added to balance sheet entries such as "checking and savings account balances" and "other available cash." Thus, an applicant who had received $500 prior to completing the form, and had deposited that sum in his checking account, might erroneously appear to have $1,000 "total money available" by accurately completing the form.

Similarly, the form elicits monthly expense figures for food, clothing, housing, utilities, transportation, loan payments and miscellaneous, but fails to ask whether these amounts are owing, or have been paid. The applicant who has $500 in hand after having paid his monthly living expenses is in a different financial condition than one who has $500 which must be applied against outstanding living expenses, but the form does not elicit this kind of qualitative information.

The record reveals that the sole basis for determining claimant's eligibility was a review by the referee of the information provided on the Division's request forms. The claimant had no opportunity to question what should be included on the forms, or to clarify or correct that information prior to the referee's determinative rulings.

The referee's rulings, based solely on the information provided by claimant in the Division's request forms, indicated that claimant's assets, income, and cash exceeded his expenses; that his request for waiver had been denied; and that claimant must either pay the transcript fees, or request review of the denials by the Panel within 15 days.

Claimant elected to request review, contending that he had made a mistake in reporting $1,462 as "money received to date" on the request form, when the correct entry should have been zero money received to date. It should be noted that the request form does not clearly specify what period is intended to be covered in reporting "money received to date." A reasonable person might believe that the form was seeking income for either the month to date or the year to date. This is especially true because neither a monthly received to date figure or an annual received to date figure aids in the determination of an applicant's present financial condition, as is illustrated by the previous example. The design of the form and its indiscriminate combining of selected cash flow amounts and balance sheet amounts renders it inherently ambiguous and unsuitable for its intended purpose.

Nevertheless, when the Panel considered claimant's appeals, it summarily denied them on the ground that his allegation of mistake and offer of correction constituted new evidence, which it was precluded from considering by operation of § 8–74–104(2), C.R.S. (1986 Repl.Vol. 3B). In reaching this conclusion, the Panel apparently did not consider the forms' inherent ambiguities which invite such mistakes as claimant alleged.

In addition, support for claimant's allegations of mistake patently appears on the faces of the completed forms which constituted the record on the review before the panel. Although claimant reported $1,462 received to date, and $609 as a checking account balance on each form, he apparently did not add the two figures together to report $2,071 "total money available for the month." On one form, total money available was reported as $609, and on the other, although $2,071 does appear, the handwriting strongly suggests that the figure was inserted by someone other than claimant.

We conclude that, under these circumstances, the Panel abused its discretion in refusing to consider the latent ambiguities in the Division's form and the patent evidence in the record corroborating claimant's allegation of mistake. That evidence was sufficient to warrant the reversal or setting aside of the referee's ruling. In the alternative, since no meaningful hearing was ever afforded to claimant in this case, the Panel, in the exercise of its sound discretion, could and should have remanded the matters to the referee for rehearing or reconsideration under § 8–74–105, C.R.S. (1986 Repl.Vol. 3B).

Accordingly, the orders of the Panel are set aside and the causes are remanded for reconsideration, including such additional referral for hearing as might be necessary to determine whether in fact claimant will suffer undue financial hardship by being required to pay the two transcript fees.

PIERCE and CRISWELL, JJ., concur.