**William S. FLUKE, Petitioner,**

v.

**The INDUSTRIAL CLAIM APPEALS OFFICE OF the STATE OF COLORADO, and The Division of Labor and Training, Respondents.**

**No. 89CA1768.**

Colorado Court of Appeals,
Div. II.

Sept. 27, 1990.

Withers, Seidman & Rice P.C., Charles E. Withers, Grand Junction, for petitioner.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Carolyn A. Boyd, Asst. Atty. Gen., Denver, for respondents.

Opinion by Judge RULAND.

William S. Fluke, claimant, seeks review of a final order of the Industrial Claim Appeals Office (Panel) which disallowed his claim for unemployment compensation benefits. We set aside the order and remand for further proceedings.

As the result of an injury suffered in an industrial accident, claimant received temporary total disability benefits from December 17, 1985, through January 26, 1986, and from July 8, 1986, through July 15, 1987. On July 29, 1987, employer filed a final admission of liability which terminated temporary total benefits effective July 15, 1987, based on a medical report that

claimant had reached maximum medical improvement.

Claimant objected to the final admission. After a hearing, an Administrative Law Judge (ALJ) held, on February 24, 1988, that claimant's entitlement to temporary total disability benefits after July 15, 1987, was dependent upon a final determination of claimant's eligibility for vocational rehabilitation. The ALJ also ordered that an eligibility determination be made.

On August 2, 1988, the director of the Division of Labor determined that claimant was eligible for vocational rehabilitation. Employer objected to the eligibility determination and the issue was set for hearing May 11, 1989.

While a hearing on the rehabilitation issue was pending, on August 22, 1988, claimant applied for unemployment compensation benefits. The hearing officer disallowed the claim on the ground that it had not been filed within four weeks of the employer's final admission of liability, as required by § 8–73–112, C.R.S. (1986 Repl. Vol. 3B).

Thereafter, claimant and employer settled claimant's workers' compensation claim, and the May 11 hearing on claimant's entitlement to vocational rehabilitation was vacated. The settlement was approved by the director of the Division of Labor.

Claimant appealed the disallowance of his unemployment benefits claim and the Panel affirmed.

At issue on review is the date when the time period for a claimant to file an application for unemployment compensation benefits begins to run pursuant to § 8–73–112. Claimant contends that, as a result of the August 2, 1988, determination of vocational rehabilitation eligibility, he was *prima facie* eligible for vocational rehabilitation. Therefore, relying on *Allee v. Contractors, Inc.*, 783 P.2d 273 (Colo.1989), which was decided after the Panel's order, claimant argues that he was entitled to temporary total disability benefits after July 15, 1987, and consequently, the four weeks under § 8–73–112 did not begin to run at that time. We agree.

Normally, unemployment compensation benefits are based on wages paid during a base period that is established by the date on which the initial claim is filed. *See* §§ 8–73–103(1) and 8–73–102, C.R.S. (1986 Repl.Vol. 3B). However, § 8–73–112 provides that if a person is separated from employment because of an injury "resulting in a temporary total disability for which he has been compensated under § 8–51–102" of the Workers' Compensation Act, he may receive benefits that were available to him at the time of his separation from employment. Any claim for unemployment benefits must be filed within four weeks after the "termination of the continuous period of total disability."

We agree with the Panel that, when § 8–73–112 is read as a whole, its purpose is to provide unemployment compensation benefits to employees who receive an industrial injury, receive temporary total disability benefits under the Workers' Compensation Act, lose their job because of the injury, and then are unable to find employment when their temporary disability benefits end. The statute, therefore, makes available wage credits which would otherwise have been lost during the employee's disability. However, in view of our supreme court's decision in *Allee*, we conclude that the beginning date for calculation of the four-week period may not be based upon the date the employer files a final admission of liability in the workers' compensation proceeding.

In *Allee*, our supreme court addressed the issue of when temporary partial benefits may be terminated if an injured worker has reached maximum medical improvement but the worker has also been ordered to undergo evaluation for vocational rehabilitation. The court held that the benefits may not be terminated until an administrative determination is made concerning whether vocational rehabilitation is reasonably necessary to render the worker fit for a remunerative occupation. It necessarily follows from the court's analysis of the statutory scheme in *Allee* that a period of disability continues under the Workers' Compensation Act until the administrative

resolution of the rehabilitation issue has been completed.

We find no policy or statutory support for concluding that the period of disability must be defined differently under the Unemployment Compensation Act, especially since the statutory scheme has as its purpose to harmonize the payment of benefits which an injured worker may be entitled to receive under each act.

Here, the issue of whether claimant was eligible for vocational rehabilitation had not been administratively resolved, and the parties stipulated to a settlement of that issue. The period of continuous disability was therefore terminated as of the date the director of the Division of Labor approved the settlement. Accordingly, claimant made application for unemployment benefits in a timely manner.

The order of the Panel is set aside, and the cause is remanded for further proceedings consistent with the views expressed in this opinion.

STERNBERG, C.J., and HUME, J., concur.