Jesus **MARQUEZ**, Petitioner,

v.

The **INDUSTRIAL CLAIM APPEALS OFFICE OF the STATE OF COLORADO;** The Colorado Division of Employment and Training; and Qiviut, Inc., Respondents.

No. 93CA0433.

Colorado Court of Appeals,
Div. I.

Jan. 27, 1994.

---

* Sitting by assignment of the Chief Justice under provisions of the Colo. Const. art. VI, Sec. 5(3), and § 24–51–1105, C.R.S. (1988 Repl.Vol. 10B).

William E. Benjamin, Boulder, for petitioner.

No appearance for respondent Industrial Claim Appeals Office.

No appearance for respondent Qiviut, Inc.

Opinion by Judge PIERCE *.

In this unemployment compensation benefits case, Jesus Marquez (claimant) seeks review of a final order of the Industrial Claim Appeals Panel which determined that he failed to show good cause for his untimely

* Sitting by assignment of the Chief Justice under provisions of the Colo.Const. art. VI, Sec. 5(3),

filing of an appeal from an hearing officer's order adverse to him. The Panel dismissed the appeal. We set aside the Panel's order and remand with directions.

After claimant applied for unemployment compensation benefits, a deputy disqualified him from the receipt of benefits pursuant to § 8–73–108(5)(e)(VII), C.R.S. (1986 Repl.Vol. 3B). Claimant appealed that decision. After a hearing, the hearing officer disqualified him from the receipt of benefits pursuant to § 8–73–108(5)(e)(VI), C.R.S. (1986 Repl.Vol. 3B). Claimant did not appeal this determination.

Claimant asserts that he later applied for federal extended unemployment benefits and was denied the benefits on the ground that he had been disqualified from benefits under the state unemployment compensation benefits scheme. In an attempt to have his disqualification set aside, claimant filed a late appeal of the hearing officer's determination and requested that the Panel find good cause for his untimely appeal.

As grounds for the good cause determination, claimant argued that the advisements on the deputy's and hearing officer's decisions were ambiguous and unclear and he therefore misunderstood the effects of the disqualification on his ability to obtain benefits.

The deputy's decision contained the following language:

The Division finds you were responsible for the separation and a disqualification is being imposed.

Payment of benefits is deferred from August 30, 1992 to November 7, 1992. Benefits based on this employment will be reduced by the maximum amount permitted by federal law on this claim as well as any future claim filed.

The decision paragraph of the hearing officer's order contained the following language:

and § 24–51–1105, C.R.S. (1988 Repl.Vol. 10B).

It is determined that Section 8–73–108(5)(e)(VI), C.R.S. applies, and that claimant's maximum benefits payable are reduced by the benefits attributable to this employment. Additionally, benefits shall be delayed for a period of ten weeks.

The decision of the deputy is affirmed as modified.

Claimant argued that he understood the language concerning the "reduction" of, "delay," and "deferral" of benefits to mean that he would at some time in the future receive a reduced amount of benefits and that he therefore did not need to appeal the hearing officer's order. The Panel determined that claimant had been sufficiently advised of the effects of the hearing officer's determination and that he thus had failed to show good cause for his late appeal.

Relying on *Richardson v. Freund & Co.,* 755 P.2d 1 (Colo.App.1988), claimant contends that the Panel erred in failing to find that the ambiguous advisements on the deputy's and hearing officer's orders constituted "administrative error by the Division" pursuant to Department of Labor & Employment Regulation 12.1.8, 7 Code Colo.Reg. 1101–2. We agree.

Regulation 12.1.8. sets forth the substantive guidelines for the Panel to use in determining whether a party has shown good cause for its failure to file a timely appeal from a hearing officer's decision. It states that the Panel is to consider any relevant factors including, but not limited to, certain factors set forth in the regulation. Among the listed factors is "administrative error by the Division."

We agree with claimant that the language of the deputy's and hearing officer's orders concerning the effect of a disqualification on his receipt of benefits is confusing to a reasonable person in his position.

The advisements were couched in language indicating there would be a "reduction" of, "deferral," and "delay" in claimant's receipt of benefits. These are procedural terms of art used in the application of the unemployment compensation statute, and, when so used, they do not necessarily have their dictionary meaning.

Even assuming claimant is presumed to know the contents of the statute, *see Paul v. Industrial Commission,* 632 P.2d 638 (Colo. App.1981), we note that neither the statute nor pertinent regulations explain the effect of the application of these terms on a claimant's receipt of benefits. *See* § 8–73–108(5)(e), C.R.S. (1986 Repl.Vol. 3B). Therefore, it was reasonable for claimant to conclude that a "reduction," "deferral," or "delay" in the receipt of his benefits meant that he still would receive, at some point in the future, a lowered amount of benefits.

Furthermore, the hearing officer's order, unlike the deputy's, did not contain any reference to a reduction of benefits on future claims. Thus, it was also reasonable for him to assume that he later might qualify for federal extended emergency benefits under § 8–75–103.5(8), C.R.S. (1986 Repl.Vol. 3B).

We also agree with claimant that the Division can easily revise its advisements so they are worded in plain English understandable to a reasonable person in claimant's position, rather than in legal jargon.

Thus, given the ambiguous and confusing nature of these advisements, the Panel erred in failing to determine that the cumulative effect of these ambiguous advisements constituted "administrative error by the Division" pursuant to Regulation 12.1.8.

The Panel has discretion to weigh the various factors found in Regulation 12.1.8 to determine whether a claimant has shown good cause for an untimely appeal of a hearing officer's decision. The Panel here, however, failed to find, and then failed to consider this factor when it considered the other factors set forth in the regulation. We therefore conclude that the Panel's order must be set aside and the matter remanded for reconsideration of whether, in light of the "administrative error," claimant showed good cause for his untimely appeal.

■ In so ruling, we reject claimant's argument that the hearing officer's order did not sufficiently advise him that the order

would become final if he did not appeal it within 15 days. The first paragraph under the section entitled "APPEAL RIGHTS" stated: "WITHIN FIFTEEN DAYS FROM THE DATE MAILED the claimant or employer may appeal this to the Industrial Claim Appeals Office (ICAO)." The following paragraphs explained the appeal process.

It would have been preferable for the advisement to state specifically that the decision would become "final" if not timely appealed. However, the advisement was sufficient to put a reasonable person on notice that the hearing officer's decision had to be appealed within 15 days.

We decline to reach claimant's due process argument, as it was not raised before the Panel and therefore was not properly preserved for our review. *See Apache Corp. v. Industrial Commission*, 717 P.2d 1000 (Colo.App.1986).

The order of the Panel is set aside, and the cause is remanded to the Panel for it to reconsider, in light of our disposition, whether claimant showed good cause for his untimely appeal.

CRISWELL and ROTHENBERG, JJ., concur.