Joy A. LEWIS, Petitioner,

v.

**COLORADO DEPARTMENT OF LABOR & EMPLOYMENT, DIVISION OF EMPLOYMENT & TRAINING; and The Industrial Claim Appeals Office of the State of Colorado, Respondents.**

No. 95CA1254.

Colorado Court of Appeals,
Div. I.

July 25, 1996.

As Modified on Denial of Rehearing
Aug. 15, 1996.

---

Goldstein & Dodge, Jeffrey A. Goldstein, Denver, for Petitioner.

Gale A. Norton, Attorney General, Stephen K. ErkenBrack, Chief Deputy Attorney General, Timothy M. Tymkovich, Solicitor General, Mary Karen Maldonado, Senior Assistant Attorney General, Denver, for Respondents.

Opinion by Judge CRISWELL.

Petitioner, Joy A. Lewis (claimant), seeks review of a final order of the Industrial Claim Appeals Office (Panel) which affirmed

an order of the hearing officer determining that she was not eligible for unemployment compensation benefits pursuant to § 8–73–112, C.R.S. (1995 Cum.Supp.). We affirm.

The essential facts are undisputed. On June 20, 1990, claimant sustained a compensable industrial injury. She left her job as a result of this injury on or about June 24, 1990. She received temporary total disability benefits from that date until May 1994.

Her employer's insurance carrier issued a final admission of liability on May 13, 1994. This admission asserted that claimant had ceased being temporarily and totally disabled as of May 26, 1993, (nearly a year previously) and, hence, was able to engage in suitable employment as of that date. It also admitted liability for permanent disability as of that date and calculated the amounts of her temporary and permanent benefits accordingly. The Panel entered its order in claimant's workers' compensation case, based upon this admission.

Thereafter, on May 20, 1994, claimant filed a claim for unemployment compensation benefits pursuant to § 8–73–112, C.R.S. (1995 Cum.Supp.). Such claim was ultimately denied, first by a hearing officer and thereafter by the Panel, because the weeks for which claimant sought unemployment benefits were not within the three-year period from the date that claimant was separated from her employment as a result of her industrial injury.

Before us, claimant first contends that she has been deprived of due process because she was not given adequate notice of her need to file a claim for unemployment compensation benefits so as to meet the three-year requirement of § 8–73–112. We reject this argument.

Unemployment compensation benefits are computed on a weekly basis. Section 8–73–101(2), C.R.S. (1995 Cum.Supp.). And, a claimant's "benefit year" commences, i.e., a claimant becomes entitled to such benefits, as of the first week after the filing of a valid claim. Sections 8–70–103(3) and 8–70–103(4.5), C.R.S. (1986 Repl.Vol. 3B). Hence, even though a claimant's period of unemployment may commence earlier, no benefits are payable for any week prior to the filing of a valid claim.

Generally, the amount of unemployment compensation benefits payable is based on the wages paid during the claimant's "base period." This base period is the first four of the last five completed calendar quarters immediately preceding the filing of the initial claim. West's C.R.S.A. §§ 8–70–103(2), 8–73–104(1).

However, § 8–73–112 recognizes that a claimant may become separated from employment because of an industrial injury for which the claimant is entitled to receive temporary total disability workers' compensation benefits. In some cases, § 8–73–112 allows the claimant to apply for unemployment benefits after temporary total disability benefits cease and, in calculating benefits, to use the wage credits which would have been available had an application for unemployment benefits been made immediately upon separation from employment. *See Fluke v. Industrial Claim Appeals Office*, 799 P.2d 468 (Colo. App.1990). Nevertheless, a claimant's right to receive unemployment benefits under § 8–73–112 is limited. The statute provides that benefits are payable only if a claimant files a claim:

> within the four weeks immediately following the termination of the continuous period of total disability and *the week for which benefits are claimed occurs within three years after the date of separation from employment*. (emphasis supplied)

Here, because claimant was not aware until May 1994, when her employer filed its final admission, that her "period of total disability" had ended in May 1993, she was unable to file her claim "within the four weeks immediately following the termination" of that period. However, the Panel concluded that, under such circumstances, a claimant's "period of total disability" must be considered as continuing until such time that the claimant becomes aware that it has terminated. Hence, it concluded that claimant filed her claim within the time allowed by § 8–73–112, and no one now contests the propriety of that conclusion. *See Fluke v. Industrial Claim Appeals Office, supra.* Nevertheless, the Panel also concluded that,

because claimant sought unemployment benefits for weeks none of which were within three years from the date of her separation from her employment, the second requirement of § 8–73–112 had not been met. Hence, it denied her the benefits sought.

Claimant argues that, because she was given inadequate notice of her need to apply for such benefits so as to meet the three-year requirement of § 8–73–112, denial of the benefits requested constituted a deprivation of her property rights without due process of law. We disagree.

■ The three-year requirement of § 8–73–112 is not similar to a statute of limitations. It is, rather, a substantive limitation upon the total amount of unemployment benefits to which an injured employee who has been receiving temporary workers' compensation is entitled. In no event is such an employee entitled to unemployment benefits for any week commencing at a date more than three years from the date of employment separation, irrespective of the date when the claim is filed.

Hence, even if claimant here had filed a claim for unemployment benefits in May 1993, when her temporary total disability benefits ceased, she would have been entitled to such benefits only for those weeks falling within three years from the date of her separation in June 1990, or benefits for only about four weeks.

Further, because the substantive limitation here is expressed in temporal terms, its effect is similar to a statute of repose, at least in the sense that, because an unemployment claimant can seek benefits only for those weeks after the date of the filing of the claim, see §§ 8–70–103(3) and 8–70–103(4.5), an injured employee may never become entitled to receive unemployment benefits if that employee receives temporary total disability benefits for three years or more.

■ Likewise, the fact that an employee does not discover that a claim for benefits may have arisen before the temporal limitation has completely expired does not result in any due process violations. See Anderson v. M.W. Kellogg Co., 766 P.2d 637 (Colo.1988); Stanske v. Wazee Electric Co., 722 P.2d 402 (Colo.1986); Yarbro v. Hilton Hotels Corp., 655 P.2d 822 (Colo.1982) (statute of repose prohibiting relief for claim not arising before statutory period has run does not deny either due process or equal protection).

■ Here, by its plain language, the statute requires a claim for unemployment benefits to be for benefit weeks which fall within three years of the date of separation. For claimant, this required her to file a claim for benefit weeks prior to June 24, 1993. Consequently, the statute provided claimant with clear and adequate notice of the action she was required to take to fall within its substantive scope, and claimant was presumed to know these requirements. See Jensen v. Jensen, 92 Colo. 169, 18 P.2d 1016 (1933); Paul v. Industrial Commission, 632 P.2d 638 (Colo.App.1981).

The fact that claimant, by virtue of the operation of the workers' compensation statutes, did not receive actual notice of the date of the termination of her temporary total disability benefits until it was too late for her to meet the three-year requirement of § 8–73–112 does not require a determination that the operation of that statute deprived her of constitutionally protected rights. See Anderson v. M.W. Kellogg Co., supra.

Claimant also argues, in the alternative, that, given the circumstances here, principles of equity compel the award to her of the unemployment benefits which she would have been awarded had she been notified in a timely fashion of the cessation of her status as temporarily disabled. We are unable to agree.

We recognize that the three-year limitation incorporated in § 8–73–112, combined with a *retroactive* determination that a claimant's period of temporary disability has ended, may place a claimant in a position that requires a denial of unemployment benefits, if, as here, knowledge of the termination of disability status comes *after* the pertinent three-year period has run. In this case, that combination caused claimant to lose unemployment benefits for only four weeks. In other instances, the combination may deprive claimants of a full year of unemployment benefits to which they would otherwise have

been entitled. Hence, there can be little question but that injustice may occur in such circumstances.

Nevertheless, given the plain meaning of § 8–73–112 and our conclusion that no constitutional rights have been denied, such possible injustice is a subject to be addressed by the legislative branch, not by the courts.

Accordingly, the Panel's order is affirmed.

METZGER and JONES, JJ., concur.