## No. 12,478.

KASTNER *v.* KASTNER.
(9 P. [2d] 290)

Decided February 15, 1932. Rehearing denied March 14, 1932.

Mr. CARLE WHITEHEAD, Mr. ALBERT L. VOGL, Mr. FLOYD F. MILES, for plaintiff in error.

Mr. DAVID H. MORRIS, for defendant in error.

*En Banc.*

MR. JUSTICE ALTER delivered the opinion of the court.

IVA Butler Kastner brought an action against Julius Kastner to obtain a decree of divorce. Defendant's answer was withdrawn, and, on March 13, 1928, upon a hearing as a noncontested divorce action, the court made and entered certain findings of fact and conclusions of law in plaintiff's favor, in which was the following:

"Third: That the plaintiff and defendant have entered into a property and financial settlement which has been examined by the Court and which is hereby approved."

The findings of fact and conclusions of law also contained the following provision: "Wherefore the Court concludes as a matter of law that at the expiration of six months from the date of the filing of these findings of fact and conclusions of law in the office of the Clerk of this Court, the plaintiff will be entitled to a decree of divorce, provided that said findings and conclusions have not been set aside prior thereto, and that no motion to set them aside then remains unheard or undecided."

Upon request of the defendant, the adjudged guilty party, and without notice to plaintiff, the court, on September 15, 1928, entered a final decree of divorce which recited: "And it is further ordered, adjudged and decreed by the Court that the property and financial settlement made by the plaintiff and defendant be and the same is hereby affirmed."

The defendant, on August 3, 1929, filed his motion, supported by affidavit, in which he asked the court "to enter an order herein modifying the order for permanent support money heretofore entered in this cause on the 13th day of March, A. D. 1928"; and upon a hearing on this motion, both plaintiff and defendant testified. As a result of the hearing, the court made and entered its "Modified Decree," in which the following is found:

"This matter coming on to be heard this 7th day of August, A. D. 1929, before this Honorable Court, upon the motion of the defendant, Julius Kastner, *to modify*

*the decree heretofore entered* in this cause on the *14th* day of September, A. D. 1928, * * *; Court having heard the testimony and the respective arguments of counsel:

"Doth find:

"1. That the subsequent remarriage of the defendant does not influence findings of this court.

"2. That since the entry of the final decree of divorce on the *14th* day of September, A. D. 1928, the circumstances of this defendant have greatly changed; his health has become impaired and he has lost his position, which has been his only source of income.

"3. That the plaintiff, Iva Butler Kastner, is in good bodily health and has considerable property.

"And it is therefore ordered, adjudged and decreed by the court: that the decree entered on the 14th day of September, A. D. 1928, be modified in the following manner, to-wit:

"That the defendant pay into the registry of the Court, the sum of Thirty-two Dollars and Fifty Cents ($32.50), forthwith, and thereafter pay into the registry of the Court the sum of Twenty-five Dollars ($25.00) per month for the care, support, maintenance and education of the minor child of the parties hereto, namely, Johnette Kastner. Said payments of $25.00 to be made in equal semi-monthly installments * * * until the further order of this Court." (Italics ours.)

The contract between the parties, with reference to their "property and financial settlement," to which reference is made in the findings of fact and conclusions of law and in the decree herein, was not set forth or filed in the cause, and is not found in the record herein; but, from the transcript, we discover that the "Modified Decree," entered on August 7, 1929, effected a substantial reduction in the monthly sums which defendant was to pay plaintiff. It should also be noted that the "Findings of Fact and Conclusions of Law," made and entered herein, were those authorized by section 5604, C. L. 1921,

notwithstanding this section had been amended by Session Laws of Colorado, 1925, chapter 90, page 237, which amendment was in force and effect at the time this action was commenced.

Plaintiff's assignment of errors presents two important questions for determination: (1) Was the decree herein a valid decree of divorce? (2) Was the court authorized to enter its modification order?

■ 1. The decree of divorce, made and entered at the request and upon the motion of the guilty party to the divorce action, was void; and any attempted modification thereof was a nullity. *Walton v. Walton,* 86 Colo. 1, 21, 278 Pac. 780; *Tierney v. Tierney,* 86 Colo. 362, 364, 281 Pac. 737; *Cartier v. Cartier,* 88 Colo. 76, 78, 291 Pac. 1035.

In this connection, it is also well to note that the findings of fact and conclusions of law herein, without an amendment or correction thereof, did not purport to give to the guilty party any right whatever to apply for and cause the decree of divorce to be made and entered; but that privilege, if it existed, and we have held that it did not, was attempted to be given by the mandatory act of 1925, supra.

■■ 2. The record herein discloses the fact that defendant's motion of August 3, 1929, was for the modification of an order that never existed. The mere reference to and approval of the "property and financial settlement," contained in the findings of fact and conclusions of law and the final decree of the court, did not operate to make the independent contract of the parties a part of, and enforceable as, a preliminary on final decree of court. There was, therefore, no court order with reference to temporary or permanent alimony, or support money, or allowances for the maintenance and education of the minor child; and, when the parties, on August 7, 1929, appeared and submitted these problems to the court, it was their first request and the court's first opportunity to determine the same, unless the court had,

on its own motion, done so when the cause was pending before it. The fact that the order, with reference to alimony and allowances, was denominated a ''Modified Decree,'' is wholly immaterial.

Plaintiff's counsel contend that the court modified and changed a valid contract between the parties, without the consent of both; but in this they are mistaken. The court made no order whatever with reference to the ''property and financial statement''; the right of the court to do so is not before us, and we, therefore, decline to pass upon the same.

■ The court erred in its refusal to set aside and vacate the decree of divorce herein, and, therefore, this portion of the judgment is reversed; it did not, however, err in making and entering its order of August 7, 1929, with reference to alimony and allowances for the maintenance and education of the minor child, and this portion of the judgment is affirmed. Costs herein to be taxed to defendant in error, Julius Kastner.

The cause is accordingly remanded for further proceedings in harmony herewith.