No. 14,375.

GAVETTE *v.* GAVETTE.
(88 P. [2d] 964)

Decided February 27, 1939. Rehearing denied April 3, 1939.

Mr. Benjamin C. Hilliard, Jr., Mr. George A. Trout, Mr. Bart W. O'Hara, for plaintiff in error.

Mr. Carl Cline, Mr. Ford E. Williams, for defendant in error.

*In Department.*

Mr. Justice Bakke delivered the opinion of the court.

Action below was brought by plaintiff in error, the former wife of defendant in error, under the provisions of section 29, chapter 56, volume 2, '35 C. S. A., Session Laws '33, page 445, section 5, to specifically enforce a separate maintenance agreement executed by him. Demurrer to the amended complaint was overruled, answer and replication were duly filed, after which defendant moved for judgment on the pleadings, and to dismiss the action. The motion was sustained, and plaintiff in error seeks a reversal of the judgment on writ of error.

Reference will be made to the parties as plaintiff and defendant, as they appeared in the trial court.

The pertinent parts of the agreement are as follows:

"This agreement, made and entered into this 7th day of October, A. D. 1931, by and between Jessie M. Gavette, hereinafter designated as the 'wife', and Joseph A. Gavette, hereinafter designated as the 'husband', both of the City and County of Denver, state of Colorado, witnesseth: That

"Whereas, the aforementioned parties were married on, to wit: the 3rd day of October, A. D. 1913, and ever since have been and now are, husband and wife; and

"Whereas, such differences have arisen and now exist between the parties that both of them are of the opinion and believe it to be no longer possible or practicable to continue in the relationship of husband and wife; and said wife has commenced a suit for separate maintenance in the district court of the City and County of Denver, state of Colorado; and

"Whereas, it is the intention to change said separate maintenance suit to that of divorce; and

"Whereas, both of the parties desire to settle, adjust and determine their respective property rights to provide for the maintenance and support of said wife, and to make a final and complete determination and distribution of the property rights and property of both parties hereto;

"Now therefore, in consideration of the mutual covenants, agreements and promises hereinafter expressed to be kept and performed by each of the parties hereto, it is agreed, covenanted and promised by and between the said Jessie M. Gavette and Joseph A. Gavette, as follows:

"1. That on or before the 11th day of October, A. D. 1931, and on the 11th day of each and every month thereafter until July 27, A. D. 1938, the said husband shall pay into the registry of the district court of the City and County of Denver, state of Colorado with the clerk of the said court, for the use and benefit of the said wife and for the support and maintenance of the minor child, Josephine Gavette, the sum of one hundred and fifty dollars ($150.00).

"It is further understood and agreed by and between the parties hereto, that on July 27, A. D. 1938, when the said minor child, Josephine, reaches her 18th birthday, the husband shall no longer be responsible under this contract and agreement for Josephine's support and maintenance, and on this said date, July 27, A. D. 1938, or thereafter, the husband shall be privileged to petition the court for a reformation of the terms and provisions of this contract pertaining to the monthly amount to be

paid the wife, and seek and have determined by the court an equitable amount to be received by her, the said wife, for her support and maintenance from that date on, commensurate with the financial condition of the said husband.

"It is further understood and agreed by and between the parties hereto that pending the final determination of the amount to be paid after said July 27, A. D. 1938, to the said wife, the husband shall continue to pay the amount herein provided for on the 11th day of each and every month until the new amount to be paid is determined and fixed by the court hearing that cause."

The amount sought by plaintiff was $2,425, the same being the difference between the sum she should have received had the defendant paid the $150 a month from the date of the agreement to time of suit, and the amount actually received by her. Defendant's defense was, and is, that after the agreement was entered as a part of the findings of fact and conclusions of law the court decreased the monthly payments to $100 a month for a time and later increased them to $112.50 a month. The payments were reduced from $150 to $100 at the request of defendant, and later increased from $100 to $112.50 at the request of plaintiff; consequently all claims for additional award were merged in and determined by the final judgment in which the divorce was decreed.

Section 29, chapter 56, volume 2, '35 C. S. A., S. L. '33, p. 445, §5, provides as follows: "Courts shall have jurisdiction to enforce specifically the terms and payments provided in marriage settlement contract and separate maintenance agreements, heretofore or hereafter entered into, whether the parties have been divorced or not."

Of course, this statute cannot be construed to mean that once the parties have made a separate maintenance agreement it cannot be modified and will forever be binding upon them as originally executed. They still can change it by mutual agreement, as was done in this case.

In other words, when the parties availed themselves of the good offices of the court to fix the amounts of alimony to be paid from time to time and themselves changed the action from one for separate maintenance to one for divorce, it must be assumed that they submitted themselves to the jurisdiction of the court for the entry of such orders as it deemed just and fair in accordance with section 8, chapter 56, '35 C. S. A., C. L. §5599.

When the parties requested that the formerly executed agreement be and become a part and parcel of the interlocutory and final decrees of divorce, such agreement ceased to have an independent status (*Kastner v. Kastner,* 90 Colo. 280, 9 P. [2d] 290) and was merged in the judgment as finally announced by the trial court. The interlocutory decree, which embraced the contract, contained the clause, "subject to any modifications or provisions thereof by any intervening order," which provision both parties availed themselves of.

Our conclusion, therefore, is that the cause of action on the contract was merged in the divorce proceedings and that the final decree in which its provisions were incorporated, is a bar to a further independent suit thereon.

The case of *Titus v. Titus,* 96 Colo. 191, 41 P. (2d) 244, is distinguishable because there the separate maintenance agreement was not incorporated in either the interlocutory or final decrees.

Judgment affirmed.

MR. JUSTICE FRANCIS E. BOUCK and MR. JUSTICE BURKE concur.