No. 15,029.

McWILLIAMS *v.* McWILLIAMS.
(132 P. [2d] 966)

Decided December 7, 1942. Rehearing denied January 11, 1943.

174

Mr. E. V. HOLLAND, for plaintiff in error.

Mr. J. EMERY CHILTON, for defendant in error.

*En Banc.*

MR. JUSTICE GOUDY delivered the opinion of the court.

THE judgment here presented for our consideration involves the right of a wife to payments which she alleges are due her under the provisions of a property settlement agreement; the husband asserting that such agreement had been merged in a final decree, in an action for divorce in the county court of the City and County of Denver, the property jurisdiction of that court in the divorce action being limited to $2,000. During such divorce proceedings, and before the entry of the decree, the parties entered into a written agreement whereby they attempted to compromise and settle for all time "all differences of a monetary nature." This agreement provided, inter alia, that defendant in error should pay to plaintiff in error the sum of fifty dollars

per month, so long as she should not remarry, and also provided: "It is hereby agreed by and between the parties hereto that in the event a decree should be entered in the divorce suit now pending, that subject to the rules of Court, the said decree shall specifically refer to and incorporate therein these articles of agreement."

The interlocutory decree entered by the county court contains the following: "Ordered, Adjudged and Decreed that the agreement heretofore entered into by and between the parties hereto, introduced in evidence herein and identified as Exhibit 'A' be and the same hereby is approved by the court and made a part of this decree." The decree itself contains no information as to the provisions of the agreement.

Subsequently, defendant in error paid into the registry of the county court money in excess of $2,000, whereupon, in accordance with his application therefor the court entered an order in which it was said: "I do not think it is either necessary or proper for the court to determine the rights of the parties under this contract as such. I think all that is proper for us to do is to determine the status of our decree, namely, the interlocutory decree, which later became final. It will be the order of the court that the money provisions thereof are fully satisfied." Thereafter, defendant in error declining to make further payments, plaintiff in error instituted an action on the settlement agreement in the district court alleging that defendant in error had defaulted in payments for two months, and asking judgment for one hundred dollars alleged to be due thereunder. In this latter proceeding defendant in error filed a motion to dismiss on the ground that the district court had no jurisdiction in the matter for the reason that it already had been adjudicated in the county court. After a hearing on this motion, the court announced that it was not sufficiently advised in the premises, reserved its ruling, and ordered that defendant in error file an answer. Answering in due course, defendant in error

alleged that the agreement of the parties, hereinbefore mentioned, had been made a part of the divorce decree and that the order of the county court had satisfied all demands arising out of said contract; that this matter had been completely adjudicated in the county court and that the district court had no jurisdiction in the matter. Plaintiff in error replying, denied that the agreement had been made a part of the divorce decree; that the order of the county court satisfied all demands arising out of the agreement; that the matter had been adjudicated; and that the district court was without jurisdiction. After considering these pleadings and argument of counsel for the respective parties, the district court granted the motion theretofore interposed to dismiss, in accordance with its interpretation of our opinion in *Gavette v. Gavette,* 104 Colo. 71, 88 P. (2d) 964, wherein we held, that where an agreement for the settlement of property rights is incorporated in, and made a part of, the final decree in divorce proceedings, such agreement ceases to have an independent status and is merged in the decree of the trial court.

The rule announced in the Gavette case is a correct statement of the law, but in our opinion is inapplicable to the present proceeding. The only point here specified for reversal is: "The trial court committed error in its finding to the effect that the written property settlement * * * was merged in the interlocutory and final decree of divorce in the county court." By this specification we are confronted with a question upon which there is a clear-cut issue, defendant in error alleging that the agreement for a property settlement was made a part of the final decree, with plaintiff in error denying the allegation.

We are of the opinion that the rule announced in *Kastner v. Kastner,* 90 Colo. 280, 9 P. (2d) 290, is decisive of the issue here presented. We there held: "The mere reference to and approval of the 'property and financial settlement,' contained in the findings of fact

and conclusions of law and the final decree of the court, did not operate to make the independent contract of the parties a part of, and enforceable as, a preliminary on final decree of court. There was, therefore, no court order with reference to temporary or permanent alimony, or support money, * * *."

The stipulation and property settlement having been approved by the court, but the terms thereof not having been set forth in the decree of divorce, the rights of the parties rest upon the contract and not upon the decree, and are contractual and not decreed rights and obligations.

■ If the property rights and obligations of the parties to a divorce action, who have entered into a settlement agreement, are to rest upon the decree therein, then any such agreement as to those rights and obligations should be fully and specifically set forth in the decree, in order that the duties imposed upon, and the rights granted to, the parties can be ascertained from the decree itself.

The judgment is reversed and the cause remanded with instructions that further proceedings, if any, shall conform with the views herein expressed.

MR. JUSTICE BAKKE dissents.

MR. JUSTICE BAKKE, dissenting.

I cannot agree with the opinion of the majority in this case. It holds that the marriage settlement contract entered into between the parties was not incorporated in the decree, and that, therefore, a separate suit may be maintained upon it. The opinion also specifically states that the rule announced in the case of *Gavette v. Gavette,* 104 Colo. 71, 88 P. (2d) 964, is a correct statement of the law.

I propose to show that in so far as there was incorporation of the settlement contract in the decree in the Gavette case, and as there is incorporation of the con-

tract in the decree in this case, no legal distinction can be drawn.

The request of the parties in this case to have the contract made a part of the decree, and the court's order thereon is quoted in the opinion.

In the Gavette case, supra, the contract, inter alia, contained the following: "7. It is agreed that upon the entry of the Findings of Fact and Conclusions of Law in the aforesaid divorce case, the terms, covenants and conditions hereto shall be embodied herein and made a part of said Findings of Fact and Conclusions of Law and be made a part of the final decree of divorce of said court, as finally entered herein." Based upon this agreement, the final decree contains an order as follows: "And it is further ordered, adjudged and decreed by the court that the agreement heretofore entered into by and between the parties in this cause concerning and settling all matters of property rights as between themselves, including the maintenance and support of the parties' minor child is hereby approved by the court and the conditions, covenants and terms as therein set forth are incorporated in this decree by reference."

It will be noted that the terms of the contract were not set forth in the decree in the Gavette case, either, and it would seem that the incorporation, by reference, of the contract in the case at bar is more definite and certain than in the Gavette case, because the order here, as noted, is, that "Exhibit 'A' be and the same hereby is approved by the court and made a part of this decree."

In *Kastner v. Kastner,* 90 Colo. 280, 9 P. (2d) 290, there was no order that the contract be made a part of the decree. There was simply a "reference to and approval of" the same.

It may be that this case should be reversed on some ground, but surely not on the one set out in the opinion.