No. 15,664.

BIER *v.* BIER.

(178 P. [2d] 674)

Decided March 17, 1947.

Messrs. SCHAETZEL & KNIGHT, Mr. DONALD LORENZ, for plaintiff in error.

Mr. J. FRED SCHNEIDER, for defendant in error.

*En Banc.*

MR. CHIEF JUSTICE BURKE delivered the opinion of the court.

THESE parties (formerly husband and wife and so hereinafter referred to) were living apart November 15, 1935 and, determined to so continue, entered into a separation agreement in June, 1944. The wife, alleging a breach of that agreement, brought this action to enforce it. The husband denied the breach, pleaded a modification of the original contract and demanded judgment reducing the agreed payments thereon on the ground of impossibility of performance. Trial was to the court which found the original contract had been so modified and that there was no evidence to support the husband's contention of impossibility of compliance. Judgment was

accordingly entered in favor of the wife for all delinquent payments on the modified contract, with interest, and against the husband on his prayer for further reduction. The several specifications and cross specifications are but amplifications of the assertion that the judgment is unsupported by the evidence.

■ The original separation agreement, as Exhibit A, bearing date of November 15, 1935, was attached to the complaint. It provided for monthly payments from husband to wife of $75.00, and a division of personal property. In August, 1937 the parties were divorced by a decree which mentions neither said exhibit, nor any modification thereof, nor the subject of alimony, etc. The modification, or "Supplemental Agreement" as it is designated, dated April 2, 1941, is attached to the answer as Exhibit A, but is hereinafter referred to as Exhibit 1. Thereby the monthly payments were reduced to $62.50. Exhibit A expressly provides for modification under certain conditions. Exhibit 1 does not rest upon these conditions, but upon the express statement that both "are desirous and willing to modify the monthly payments." It was executed deliberately, both parties thereto acting on advice of counsel. Accordingly the court held against the wife on her claim of "no consideration" for Exhibit 1 on the theory that the consideration for Exhibit A constituted ample consideration for Exhibit 1. That ruling was clearly correct. *Stofferan v. Depew*, 79 Wash. 170, 139 Pac. 1084; *Gertner v. Bank*, 82 Colo. 13, 39, 257 Pac. 247; *Gavette v. Gavette*, 104 Colo. 71, 74, 88 P. (2d) 964.

■ The husband complains because his payments were not reduced from $62.50 to $25.00 per month. The record is entirely devoid of evidence to support any such reduction. The reduction provided for in Exhibit A was conditioned upon a certain reduction in the husband's income, whereas the evidence disclosed that his income had increased. True, the husband had remarried, but his added obligations incident to his changed condition

would not support a judgment relieving him of his contractual duties.

■ One paragraph of Exhibit A reads: "Party of the first part [the husband] will pay all attorney's fees in connection with this property settlement and agreement." By virtue thereof the wife here claims attorney's fees in this litigation. There is no extrinsic evidence to support so broad a construction, and the language of the paragraph will not bear that interpretation. The attorney's fees contracted for were clearly in connection with "*this* property settlement and agreement," not with future litigation. Moreover, the judgment in no respect modified the amended contract of the parties and is, in substance, a decision that neither had reasonable grounds for litigation.

■ Of course this action is purely contractual. The circumstances of the wife, concerning which evidence was excluded, were wholly immaterial. Those of the husband were material only because conditionally made so by the provision of Exhibit A and because of his demand for reduction.

Finding no reversible error in the record the judgment is affirmed.

Mr. Justice Hilliard and Mr. Justice Alter concur.