[Civ. No. 14960. First Dist., Div. One. Sept. 21, 1951.]

MILDRED DONAHUE KENT, Petitioner, v. SUPERIOR COURT OF THE CITY AND COUNTY OF SAN FRANCISCO, Respondent.

Mullin & Cost for Petitioner.

Robert J. Drewes for Respondent.

WOOD (Fred B.), J.—Petitioner seeks a writ of prohibition commanding the respondent court to desist from any further proceeding, insofar as petitioner is affected, upon an order to show cause why petitioner should not be ordered to restore to Marion H. Kent certain property given by him to her, and to account to Doris Kohn, plaintiff in the action, for all interest, dividends, rents and profits received by the petitioner from said property. The order to show cause includes an order restraining petitioner, pending the hearing and further order by respondent, from transferring to any person other than Marion, any of the property mentioned.

The order was made March 10, 1951, upon the application of Doris Kohn in a divorce action between her, as plaintiff, and Marion H. Kohn, now Marion H. Kent, defendant, and long after the final decree therein had become a final judgment. Petitioner herein was not a party to said action prior to the entry of the final decree and there has been no order authorizing or directing that she be made a party. Petitioner appeared specially therein and moved to quash, as to her, the order to show cause and temporary restraining order. Respondent denied that motion and continued to a date certain the hearing of the order to show cause and temporary restraining order.

The main question is whether or not there is a judgment or an order of court which may be enforced against this petitioner in such a proceeding as that which has been initiated by the order to show cause.

The affidavit for the order to show cause shows that the parties to the divorce action entered into a property settlement agreement, whereby Doris was to receive 30 per cent of the annual net income of Marion during his lifetime, and after his death the sum of $250 a month from his estate should he predecease her; that the agreement provides that he shall not alienate his assets for the purpose of defeating her rights in and to his estate; and alleges that subsequent to the final decree Marion gave his present wife, petitioner herein, certain property in derogation of the rights of Doris under the agreement; that at the time of the gifts petitioner herein knew of that agreement; and that the agreement was made a part of the interlocutory and final decrees.

Paragraph 8 of the agreement consists of two sentences, the first of which declares that the estate of Marion shall be liable for and shall pay to Doris the sum of $250 each month for the balance of her natural life, beginning immediately

following the death of Marion. The second sentence reads as follows: "Second party [Marion] shall not alienate his assets for the purpose of defeating the rights of first party in and to his estate as provided in this paragraph."

Has this contractual obligation of Marion not to so alienate his assets been so incorporated in the interlocutory and final decrees as to have been merged therein as an order of the court, and thus be enforceable in the divorce action as an order of court made in that action? Every court has power "To compel obedience to its judgments, orders, and process, and to the orders of a judge out of court, in an action or proceeding pending therein" (Code Civ. Proc., § 128, subd. 4). Every judicial officer has power "To compel obedience to his lawful orders," as provided in the Code of Civil Procedure (§ 177, subd. 2). One method of enforcement is the contempt proceeding (Code Civ. Proc., § 1209, subd. 5), but a court or judge is not necessarily limited to that method. Section 187 of the Code of Civil Procedure recognizes the power of a court or judge in the exercise of jurisdiction conferred, when the course of proceeding is not specifically pointed out by statute, to adopt any suitable process or mode of proceeding that may appear most conformable to the spirit of the code.

 In the search for an order for the enforcement of which the superior court might have jurisdiction to entertain the proceeding in the divorce action which was initiated by the questioned order to show cause, we turn to the interlocutory and final decrees in that action. The following clauses of the interlocutory decree are the only portions thereof which we find pertinent: "It Is Hereby Further Ordered, Adjudged and Decreed that that certain agreement for the settlement of the property rights of the parties hereto, a copy of which is attached hereto and marked Exhibit 'A' and by such reference made a part hereof with the same force and effect as if set out at length within the body of this decree, be and the same is hereby ratified, approved and confirmed; and It Is Hereby Further Ordered, Adjudged and Decreed that in pursuance of the aforementioned agreement the plaintiff do have and recover from the defendant the sums of money in said agreement mentioned and that the payment thereof to plaintiff be made by the defendant at the time, in the manner and as in said last mentioned agreement set forth; . . ." The final decree is, in words and phrases, substantially the same as the interlocutory.

The first clause quoted contains no order imposing an obligation upon anyone. It merely incorporates by reference and approves the agreement.

The second clause quoted, whatever might be said of it as ordering Marion to pay certain sums of money to Doris during his lifetime or as ordering his estate to pay certain sums to her after his death (which latter it does not literally do), does not order Marion not to alienate his assets, whether for the purpose of defeating Doris' rights or for any other purpose.

Hence, in neither clause is there an order that Marion shall not alienate his assets. There being no such order, these decrees, insofar as such an obligation is concerned, are precisely like the decrees involved in *Shogren* v. *Superior Court*, 93 Cal.App.2d 356 [209 P.2d 108], and *Young* v. *Superior Court*, 105 Cal.App.2d 65 [233 P.2d 39]. The conclusion is inescapable that the trial court is without jurisdiction to entertain the proceeding against this petitioner initiated by the questioned order to show cause.

Let a peremptory writ of prohibition issue, commanding respondent to desist from any further proceeding against petitioner upon the order to show cause and to dissolve, as to her, the temporary restraining order.

Peters, P. J., and Bray, J., concurred.

Real Party in Interest's petition for a hearing by the Supreme Court was denied November 19, 1951. Traynor, J., voted for a hearing.