Argued October 2, affirmed December 12, 1951

# HAGEN *v.* HAGEN
238 P. 2d 747

*Eugene C. Libby,* of Portland, argued the cause and filed a brief for appellant.

*George L. Hibbard,* of Oregon City, argued the cause for respondent. On the brief were Beattie & Hibbard, of Oregon City.

Before BRAND, Chief Justice, and HAY, ROSSMAN, LUSK and WARNER, Justices.

BRAND, C. J.

The plaintiff brings this action against her former husband for money alleged to be owing and unpaid under the terms of a property settlement contract which was executed in anticipation of divorce. The cause was tried by the court without a jury. Findings of fact and conclusions of law were made and judgment was entered in favor of the plaintiff. The defendant appeals.

The contract recites the pendency of the divorce proceedings and provides for the division of personal property. It further provides that the real property, a farm, is to be held as tenants in common under the management of the defendant. Plaintiff agrees to convey certain personal property to the defendant and defendant agrees to give plaintiff a note for $1000. The defendant is to render annual accounts to the

plaintiff concerning operation of the farm. Provision is made for division of the proceeds in the event of sales and for other minor matters. It is also provided that the education of the minor children shall be in the public schools unless otherwise agreed. The portion of the contract which is directly involved in this action reads as follows:

"* * *

"IT IS THEREFORE MUTUALLY AGREED in consideration of the mutual promises of each other, as follows:

"* * *

"II

"It is furthermore agreed that the sum of $80.00 per month, payable on or before the 10th day of each month beginning August 10, 1937, is a reasonable sum to be paid towards the care, nuture, education and support of said minor children and includes a sufficient sum to provide for plaintiff while caring for said minor children and is accepted and acceptable to plaintiff in lieu of alimony."

Notwithstanding the awkward phraseology of paragraph II, supra, we construe it, when read with the other provisions of the contract, to be an agreement whereby the defendant bound himself to make monthly payments in the reasonable amount of $80 toward the support of the plaintiff and of the children, and that the plaintiff bound herself to accept said sum "in lieu of alimony." The intent of the parties to enter into a binding contract is manifest throughout the instrument which is amply supported by consideration.

The execution of the contract is admitted. For his first affirmative defense, the defendant alleges, in substance, that the divorce court which granted the decree retained jurisdiction as to all matters pertinent

to child support and that therefore "there is another action pending between the parties, to-wit: the divorce proceeding above mentioned." The second affirmative defense was based upon the statute of limitations. It has been waived. Thirdly, the defendant affirmatively pleads that he paid directly to the minor children more than the amounts claimed due by the plaintiff. Defendant's fourth affirmative defense is as follows:

"That the Property Settlement Agreement which is the basis of plaintiff's complaint, and particularly Paragraph Two thereof, was approved and incorporated in and made a part of the decree entered in the divorce suit between the parties, No. 31260 on July 28, 1937. That on the 13th day of February, 1945, pursuant to citation issued to the defendant in the said divorce suit to appear and show cause why judgment in the same sum as is prayed for herein, to-wit: $1840.00, should not be allowed, a hearing was had and the court, on the 28th day of February, 1945, issued an order that there was no order or decree to justify the entry of a judgment for the sum of $1840.00, or any other sum; that this defendant now pleads the order of said court as a final adjudication and as res judicata regarding all questions pleaded and set forth by plaintiff in her complaint herein."

The fifth defense alleges a breach by the plaintiff of the agreement that the children be educated in the public schools and that the plaintiff, without the defendant's consent, "has insisted that the oldest of the minor children, to-wit: Yvonne E. Hagen, be educated at a school other than a public school, to-wit: Marylhurst College."

We will consider the first and fourth defenses together. The decree in the divorce case contained the following provisions:

"IT IS FURTHER ORDERED, ADJUDGED AND DECREED, That the property settlement

providing for the support of said minor children and other division of property as shown by the agreement executed by the parties be and the same is hereby approved and said agreement is incorporated in and made a part of this decree as if fully set forth herein.''

The complaint in the divorce case makes no reference to any property settlement. The defendant was adjudged in default in that case on 27 July 1937. On 28 July 1937 the divorce case was heard by a referee and the contract of the parties was introduced in evidence. On the same day the decree was entered by the trial court, granting a divorce to the plaintiff and containing the provision above quoted. The decree specifically granted custody and control of the children to the plaintiff. The decree, however, contains no order directing the defendant to pay any sum to the plaintiff for the support of the children or of the plaintiff, unless it be found in the quoted paragraph. The contract was not set forth in substance, nor was it copied in the decree, nor was it attached thereto. The defendant contends that the contract became merged in the decree and that no independent action at law can be brought thereon.

In *McWilliams v. McWilliams,* 110 Colo 173, 132 P2d 966, the plaintiff, as in the case at bar, brought an action at law to enforce the provisions of a property settlement agreement under which the defendant agreed to pay to the plaintiff $50 per month so long as she should remain unmarried. The defendant, as in the case at bar, contended that the agreement was merged in the decree. The contract provided that if a decree should be entered ''subject to the rules of Court, the said decree shall specifically refer to and incorporate therein these articles of agreement.'' The interlocutory decree provided ''that the agreement

heretofore entered into by and between the parties hereto, introduced in evidence herein and identified as Exhibit 'A' be and the same hereby is approved by the court and made a part of this decree.'' The decree, however, contained no information as to the provision of the agreement. The Colorado Supreme Court held that the case of *Kastner v. Kastner* was decisive. In the Kastner case the court had said:

"The mere reference to and approval of the 'property and financial settlement,' contained in the findings of fact and conclusions of law and the final decree of the court, did not operate to make the independent contract of the parties a part of and enforcible as a preliminary or final decree of court. There was, therefore, no court order with reference to temporary or permanent alimony, or support money, * * *.'' *Kastner v. Kastner,* 90 Colo 280, 9 P2d 290.

After quoting the foregoing with approval, the court in the McWilliams case continued:

"The stipulation and property settlement having been approved by the court, but the terms thereof not having been set forth in the decree of divorce, the rights of the parties rest upon the contract and not upon the decree, and are contractual and not decreed rights and obligations.

"If the property rights and obligations of the parties to a divorce action, who have entered into a settlement agreement, are to rest upon the decree therein, then any such agreement as to those rights and obligations should be fully and specifically set forth in the decree, in order that the duties imposed upon, and the rights granted to the parties, can be ascertained from the decree itself.''

The McWilliams case is directly in point on the pending issue.

In *Campbell v. Goodbar,* 110 Colo 403, 134 P2d 1060, there was a property settlement agreement con-

taining provision for monthly alimony payments which was filed with the clerk of the divorce court before the decree was entered. The decree provided:

" * * *

"It is further ordered that the defendant make the payments into the registry of the Court which he agrees to make in the Agreement between the parties on file herein, and which is hereby approved, promptly when the same become due and payable, * * * ."

Thereafter the plaintiff instituted contempt proceedings against the defendant for failure to make the monthly payments. The trial court found the defendant in contempt. On appeal the Supreme Court referred to *Kastner v. Kastner* and *McWilliams v. McWilliams,* both supra, and said:

"It is urged that the instant case differs from the Kastner case, supra, in that there is a provision in the decree that the defendant pay into the registry of the court the amounts for which he is liable under the agreement. But that still does not overcome or dispense with the rule which we laid down in McWilliams v. McWilliams, supra [110 Colo. 173, 132 P. 2d 967], that 'The stipulation and property settlement having been approved by the court, but the terms thereof not having been set forth in the decree of divorce, the rights of the parties rest upon the contract and not upon the decree, and are contractual and not decreed rights and obligations.' "

The judgment of contempt was reversed.

From 1 Nelson on Divorce and Annulment, Vol. 1, Property Settlements and Agreements, § 13.48, p 532, we read:

"It has been held that in order to make support and property rights and obligations of parties to a divorce action, as included in an agreement

of the spouses, a part of and governed by the decree rather than the agreement, the agreement must be fully and specifically set forth in the divorce decree, so that the duties and rights can be ascertained from the decree itself. But it has also been held that in a divorce action the judgment for alimony should not incorporate a prior agreement of the spouses, but if there is an agreement which appears to the court fair and proper, the terms thereof may be included in the decree without incorporating the agreement as such or referring to it. A divorce decree, in a proper case, may order defendant husband to pay to plaintiff wife at a fixed place the sums specified in the agreement made between the spouses for her support, and attach the agreement as an exhibit thereto. A separate property settlement should not be incorporated into a divorce decree merely by reference thereto. Mere approval by the court of a property settlement, without setting out the settlement in the divorce decree, does not make the settlement a part of the decree, and thereafter the rights of the parties thereunder depend on the contract and not the decree. * * *"

See also *Schnerr v. Schnerr,* 128 Cal App 363, 17 P2d 749; *Ridenour v. Ridenour,* 174 Wash 152, 24 P2d 418; *Petry v. Superior Court of Los Angeles County,* 46 Cal App2d 756, 116 P2d 954.

There are sound reasons for holding that any decree which is enforceable by imprisonment for contempt should contain a definite and unconditional order directing the performance of specific duties. A decree for the payment of alimony is frequently the basis for action in the court of a state other than the one in which the divorce was granted. If an action were brought in a sister state upon the decree entered in the case at bar, it would be impossible for that court to ascertain, either from the decree or from the pleadings, what the duty was which had been imposed upon

the defendant by the Oregon court. The defendant relies upon *Warrington v. Warrington*, 160 Or 77, 83 P2d 479, as authority for the proposition that we should hold that the provisions for monthly payments were, in the eyes of the law, included in the divorce decree. That case is not in point. There was a tentative agreement between the parties to that suit that the defendant should pay $2000 as alimony at the rate of $35 per month, but the decree itself specifically ordered that "defendant pay to plaintiff the sum of Two Thousand and no/100 ($2000.00) Dollars as alimony to be paid in monthly installments of not less than Thirty-five and no/100 ($35.00) Dollars, each * * *." The holding of this court was that no property rights were involved in that case, that alimony only was the subject of the tentative agreement which was specifically ordered to be paid, and that it was therefore within the power of the court to modify the decree as to alimony upon a showing of changed conditions.

The case of *Briggs v. Briggs*, 178 Or 193, 165 P2d 772, is also dissimilar to the case at bar. In that case the divorce court approved the property settlement for monthly payments, set it forth verbatim in the body of the decree and specifically ordered and decreed that the plaintiff have judgment against the defendant for the sums specified per month as alimony and support for the children.

The defendant contends that another suit, to wit, the divorce suit, was pending between the parties and that the court therefore had no jurisdiction of this action. The ruling of the circuit court was adverse to this contention and the defendant assigns error. The divorce case was not "pending" in the sense of being undecided. It was a final and appealable decree which, because of the provisions of OCLA, § 9-915, might

be modified as to "so much of the decree as may provide for the appointment of trustees for the care and custody of minor children, or the nurture and/or education thereof, or the maintenance of either party to the suit; * * * ." During the time within which the monthly installments for which this action is brought were accruing under the terms of the contract, there was no provision in the decree requiring any payment of support money or alimony. Therefore those provisions of the contract were not merged in the decree. It follows that it is unnecessary to decide what would be the effect on the rights under the contract if long after the entry of the divorce decree the trial court had modified it by directly ordering the defendant to pay alimony, and if thereafter, the plaintiff had brought an action at law on the contract for installments accruing subsequent to the modification. The property settlement agreement in the case at bar contained no provision that it should be incorporated in or enforced by the decree. On the contrary, the preamble to the contract was as follows:

> "* * *
>
> "WHEREAS, This agreement is one entered into by the parties for the purpose of assisting the court and relieving the court of the burden of adjudicating the property rights and is not intended as an agreement in any way affecting the divorce except to settle the property claims of the respective parties,
> "* * * "

As to the period involved in this case, and the installments accruing therein, the plaintiff's remedy is on the contract or she is without remedy.

The defendant asserts that "A separate suit to collect alimony is not proper in the same state where

the decree was granted.'' The following authorities are cited in support: *Prime v. Prime,* 172 Or 34, 139 P2d 550; *Herrick v. Herrick,* 319 Ill 146, 149 NE 820; *Audubon v. Shufeldt,* 181 US 575, 45 L ed 1009; *Nixon v. Wright,* 146 Mich 231, 109 NW 274; *Toth v. Toth,* 242 Mich 23, 217 NW 913; *Pavuk v. Scheetz,* 108 Ind App 494, 29 NE2d 992.

In *Herrick v. Herrick,* supra, the property settlement was incorporated and merged in the divorce decree. Furthermore, the proceedings in that case were had in the divorce court. No independent action for money was involved.

In *Nixon v. Wright,* supra, it does not appear that there was any property settlement agreement. The holding was merely to the effect that an action at law would not lie in Michigan to collect accrued alimony under a Michigan divorce decree awarding it.

In *Toth v. Toth,* supra, there was an attempt to employ the statutory remedy of garnishment to enforce a domestic divorce decree for alimony. It was held that the court was without jurisdiction to make the order for garnishment. No property settlement agreement was involved.

In *Pavuk v. Scheetz,* supra, no property settlement agreement was involved.

In *Audubon v. Shufeldt,* supra, the court merely held that arrears in alimony were not provable in bankruptcy. The court said:

"" * * * In other respects, alimony cannot ordinarily be enforced by action at law, but only by application to the court which granted it, and subject to the discretion of that court. * * *""

The case did not involve any property settlement agreement.

In *Prime v. Prime,* supra, the parties entered into a written agreement in anticipation of divorce. It provided for monthly payments to the wife until her death or remarriage. The agreement was attached to the complaint for divorce as an exhibit. The parties to the contract manifested the intent that it should be merged in the divorce decree. The agreement provided:

"" * * *

"It is understood and agreed that in the event that a divorce shall be granted to either of the parties hereto that included in the decree of such case and made a part thereof shall be the substantial provisions of this property settlement, and both parties agree that such may be included in said decree and be made thereby a part of the record in such case."

The divorce decree contained the following:

"* * * It now appearing to the Court that said settlement was fair and regular, the same is hereby ratified, confirmed and approved, and that said settlement shall forever remain binding upon the parties to this suit."

Sometime after the divorce the husband died. Suit was brought by the divorced wife for a declaratory judgment establishing, among other things, her right to continue to receive the agreed monthly payments from the estate of her former husband until her death or remarriage. The claim was opposed by the corporate executor of her deceased and divorced husband's estate. The record shows that both parties presented the case upon the theory that the agreement had been effectively incorporated in the decree. The fact, if it be one, that the agreement was not specifically set forth in mandatory terms, was not called to the attention of this court. The plaintiff in the Prime case

rested her claim upon the proposition that the contract of the parties had been approved by the divorce court and had been held to be binding. The executor also made no contention that the contract had not been effectively adopted in the divorce decree. Its contention was that:

> "A decree granted in connection with an absolute divorce for the regular periodical payments of alimony to the wife for her maintenance is terminated upon the husband's death." 17 Am Jur 473, § 608.

It expressly stated that:

> "* * * The parties agreed that the contract should be made a part of a decree and was to be passed on by the court. The court did pass upon it and held that the terms thereof should be embodied in a decree. * * *"

Under these circumstances this court decided the case upon the issue presented by both parties and held that the contract was merged in the decree. It was then held that the decree as such was subject to modification in the event of changed conditions and that the death of the former husband terminated liability under the decree to pay alimony.

■ None of the cases cited by the appellant and reviewed above are applicable to the case at bar. We hold that since the terms of the property settlement did not appear in the pleadings and were not set forth in the decree, and since there is no order in the decree directing compliance with the terms of the property settlement "the rights of the parties rest upon the contract and not upon the decree, and are contractual and not decreed rights and obligations." *McWilliams v. McWilliams,* supra, 110 Colo 173, 132 P2d 966. Under these circumstances, a separate action at law upon the contract constituted an appropriate remedy.

■ The third assignment asserts that the court erred in holding that the order of 28 February 1945 was not res judicata as to this action. In making this contention, the defendant assumes a unique and dubious position. The record indicates that the plaintiff moved in the divorce court for judgment for the accrued sums of alimony. The defendant appeared by his attorney in opposition to that motion and prevailed. The court held that "there is no order or decree to justify the entry of a judgment for the amount of $1840.00, or any other sums;". Now, having thus prevailed in the divorce court, the defendant resists this pending action, which is based on the contract and not on the decree, by arguing that the order of 28 February in the divorce court, which denied recovery under the decree, is res judicata in this action on the contract. The contention carries its own refutation. In the pending action based upon the contract, the trial court correctly construed the order of 28 February 1945 as constituting a holding that the decree was not sufficient upon which to base an order. Res judicata does not apply to the action here pending.

■ As to the fourth assignment of error, we have already stated that, although the agreement is not aptly phrased, it did nevertheless constitute a valid contract to pay $80 a month. The parties mutually agreed that $80 is a reasonable sum and "is accepted * * * in lieu of alimony." There was ample consideration for the agreement. The defendant has waived his contention based on the statute of frauds.

Lastly, the defendant contends that payments made directly to the minor children, or supplies furnished to them, should be set off against the delinquency of the defendant on the agreed monthly payments. This was an action at law tried by the court without a

jury. The court made a finding of fact "That the matters set forth in defendant's amended answer and five further and separate answers and defenses are not sustained by the evidence." The defendant cites *Briggs v. Briggs*, supra, 178 Or 193, 165 P2d 772. In that case the defendant moved in the divorce court for a modification of the decree which required monthly payments of alimony. He claimed credit for payments made to the minor children while they were in college and the plaintiff agreed that such credit might be allowed. This court said:

"The general rule is to the effect that, when a defendant husband is required by a divorce decree to pay to the plaintiff money for the support of the children and the unpaid and accrued installments become judgments in favor of the plaintiff, he cannot, as a matter of law, claim credit on account of payments voluntarily made directly to the children, though special considerations of an equitable nature may justify a court in crediting such payments on his indebtedness to the plaintiff when that can be done without injustice to the plaintiff wife. Circumstances might also arise which would render it inequitable for the court to lend its aid in compelling the defendant to pay the same amount to the plaintiff which he had already expended in support of the children. Mason v. Mason, supra, at page 43. The general rule is, however, as above stated. 27 C. J. S., 1029, Divorce, § 251."

We then held:

"In view of the apparent consent of the plaintiff and the equities of the situation, the defendant will be allowed credit against his accrued indebtedness for the support of the children in the sums of $900 and $660 being the amounts which he should have paid to the plaintiff, during the time the children were in college, under the terms of the decree. We hold that he is not entitled to credit for sums paid directly to the children during the

college period in excess of the amounts required for that period by the decree. * * *''

■ In the pending action there was no consent by the plaintiff to the allowance of credits for moneys paid to the children, and, in our opinion, the finding of the trial court disallowing the credits is not subject to successful attack.

We have considered all of the assignments of error and are of the opinion that the judgment should be affirmed.