265 P.2d 662

BAINBRIDGE v. BAINBRIDGE.

No. 7956.

Supreme Court of Idaho.

Jan. 14, 1954.

Everett B. Taylor, Sun Valley, Branch Bird and Cecil D. Hobdey, Gooding, for appellant.

Hawley & Marcus, Boise, for respondent.

THOMAS, Justice.

Constance V. Bainbridge, appellant, will hereinafter be referred to as the wife and Emerson M. Bainbridge, respondent, will hereinafter be referred to as the husband.

The trial court, upon application of the husband for modification of a decree of divorce, made and entered an order modifying the decree to exclude all annual payments to the wife. From this order the wife appealed.

The husband, an English citizen, and the wife, a citizen of the United States, each of whom had been previously married were married to each other on December 12, 1938, at Harrison, New York. One child, a son born July 22, 1943, is the only issue of said marriage. At all times subsequent to said marriage and until the year 1947 they resided in London, England. In September, 1947, the parties hereto, together with their son, moved to Bermuda where they purchased a home and continued to live together as husband and wife until the month of October, 1948, at which time the wife left the husband and at no time thereafter did they live together.

In January, 1949, the parties, each being represented by counsel, entered into and executed a property settlement and separation agreement.

On April 15, 1949, the wife filed an action for divorce in the above-entitled district court. The husband filed his verified answer and the matter being submitted to the court, a divorce was granted to the wife.

In June, 1949, following the entry of the decree of divorce, and as contemplated by the parties, the wife took the child to London, England, where she established a residence and has lived there continuously since. In December of that year the wife married an English citizen to whom she was still married at the time the matter of the modification of the divorce decree was heard; however, at that time she was living separate and apart from her then husband by mutual agreement.

Following the entry of the decree of divorce and in the month of June, 1949, the husband married a widow who had adopted twin sons, 7 years of age, whom he thereafter also adopted. The husband, his present wife and the two children have at all times lived in Bermuda.

At the time of the marriage of the husband and wife, the husband was the beneficiary of the income of a trust fund established by his father in the principal sum of £250,000. At the time of their separation the husband had so-called free capital to the extent of £40,000, as well as a home in Bermuda for which he paid £25,000, two high-priced automobiles, and furniture and household goods of the reasonable worth of £3,000. At that time the annual gross income from the trust fund was £7,000 and from the free capital was £2,000. The wife had neither separate property nor any income whatever. His net income from the trust estate after taxes, principally the income tax of England, was £3,500. Under the pertinent terms of the agreement the wife received £10,000, the furniture and household goods in London, furs, jewelry, and an automobile of the value of approximately $4,000. All other property remained the property of the husband.

Under the agreement the husband was obligated to pay to the wife for her support and maintenance and the support and education of their son the sum of $12,000 annually, in equal payments, commencing January 1, 1949, which under the terms of the agreement was deemed to be allocated as follows: $8,000 for the support and maintenance of the wife for life and $4,000 for the support, maintenance and education of their son until he had attained the age of 21 after which such sum should be paid directly to him for life. The principal of the trust fund goes to the son upon the death of the husband. It is further provided in the agreement that in the event of a divorce and remarriage of the wife the annual sum payable to her shall be reduced to $7,000 per year, but in no event shall a revision of the agreement reduce the obligation of the husband to the wife for the support of herself and child below the sum of $10,000 per year, being $4,000 for the child and $6,000 for the wife during her lifetime.

Article Sixteenth of the agreement provides as follows: "No modification or waiver of any of the terms of this agreement shall be valid unless in writing and executed with the same formality as this agreement. * * *"

Again, the agreement expressly provides in the event of a divorce obtained by either party the same would not in any wise affect any of the terms, covenants or conditions of the agreement and expressly provided in this respect:

"* * * this agreement being absolute, unconditional and irrevocable and both parties intending to be legally bound hereby. In the event that an ac-

tion for absolute or limited divorce is instituted at any time hereafter by either party, the parties shall be bound by the terms hereof and this agreement shall merge in any decree or judgment that may be granted in such action. This agreement may be offered in evidence so far as the same may be permissible and the same shall be embodied and made part of any matrimonial judgment or decree in any action which either party may commence against the other party, but in any event this agreement shall continue in full force and effect and shall survive any such matrimonial judgment or decree."

On the 25th day of June, 1951, the husband filed the petition for modification of the decree with respect to the annual payments to the wife in the sum of $7,000. Upon a hearing the court purportedly modified the decree upon asserted substantial and permanent changes of circumstances and conditions by the elimination of the annual payments to the wife, effective June 25, 1951, the date the application was filed.

Upon appeal the wife contends that the provisions of the agreement with reference to the annual payments to be made to her did not merge in and become an operating part of the decree but that the rights set forth with reference to the matter rested upon the contract and not the decree and hence the trial court is without authority or jurisdiction to modify such payments set forth in the agreement; that the husband has mistaken his remedy.

The wife further urges that the court erred in modifying the provisions for the annual payments to her for the reason that such payments were an integral part of a consideration for the property settlement agreement—became vested and did not constitute alimony or support money, subject to modification upon a change of conditions.

Finally, the wife asserts that even though such payments are a part of the decree and also represent support or alimony payments, there is no evidence of material, permanent and substantial changes in the circumstances and conditions of the parties since the rendition of the decree which warrants the trial court in modifying the decree even to the extent of reducing such payments to $6,000 (£1,492) a year.

If the first contention of the wife is correct it is decisive on this appeal and the other propositions will not be considered.

While this question has been before the courts in many jurisdictions, it is one of first impression in this state.

In the case before this court the complaint alleges that a property settlement had been entered into between the parties and that it would be submitted to the trial court; the prayer of the complaint asks that the property settlement be ratified, confirmed and approved and made a part of the decree; the agreement was received in evidence as an exhibit; the decree, with re-

spect to the agreement, contains the following:

"It Is Further Ordered, Adjudged and Decreed That the agreement between the parties made as of the 12th day of January, 1949, marked Plaintiff's Exhibit 'A', on file in this Court, as modified by an agreement between the parties dated January 18, 1949, marked Plaintiff's Exhibit 'B', on file in this Court, providing for a property settlement between the parties and for payments by the defendant to the plaintiff for the maintenance and support of the latter, be approved and confirmed, and the parties are each hereby ordered and directed to comply with the provisions thereof."

There is no further or other reference to the agreement in the decree nor does the decree in and of itself specifically or otherwise provide for any payments to be made by the husband to the wife at any time or at all.

An examination and study of cases in California discloses that particularly prior to the decision of Lazar v. Superior Court in and for City and County of San Francisco, 16 Cal.2d 617, 107 P.2d 249, the first expression by the Supreme Court of that state, there existed a marked degree of confusion and seeming inconsistencies as to just what constituted a sufficient incorporation of the agreement into the decree to result in the agreement being merged in and becoming a part of the decree itself.

In the case of Shogren v. Superior Court in and for City and County of San Francisco, 93 Cal.App.2d 356, 209 P.2d 108, 113, decided August 17, 1949, a thorough and painstaking review and analysis of all the earlier California cases was made. By way of summary, the court then concluded as follows:

"In spite of the confusion that exists in the authorities, the later decisions have fairly, although perhaps vaguely, crystallized the rule. A fair summation of the rule as it exists today is the following: (1) If a property settlement agreement is merely referred to in the divorce-decree, or approved by the court but not actually made a part of the decree and the performance of any of its provisions ordered, then the provisions of the agreement cannot be enforced by contempt proceedings. (2) If the agreement or any of its provisions are actually incorporated in the decree and the decree orders the performance of such agreement or such provision or provisions, then the agreement or the provision or provisions so incorporated are merged in the decree and may be enforced only as the order of the court."

In the case of Lazar v. Superior Court, supra, the court announced the rule in this language [16 Cal.2d 617, 107 P.2d 250]:

"If a property settlement agreement is complete in itself and is merely referred to in a divorce decree or ap-

proved by the court but not actually made a part of the decree, then the provisions of such agreement cannot be enforced by contempt proceedings. Baxter v. Baxter, 3 Cal.App.2d 676, 40 P.2d 536; Schnerr v. Schnerr, 128 Cal.App. 363, 17 P.2d 749. On the other hand, if, by the language of the agreement itself, it is shown that the intent was to make the agreement a part of a future divorce decree and, if the agreement is actually incorporated in the decree, then such provisions become a part of the order of the court and may be enforced as such."

Later, in the case of Hough v. Hough, 26 Cal.2d 605, 160 P.2d 15, while it was not necessary to apply the rule in the Lazar case, the Supreme Court expressly approved the rule therein set forth. In this case the plaintiff mistook her remedy by suing on the agreement which had been merged in the decree rather than for contempt for failure to comply with the decree.

In the case of Price v. Price, 85 Cal.App. 2d 732, 194 P.2d 101, an action was instituted for breach of the agreement. The decisive question was whether the agreement was incorporated into the decree and made a part thereof rather than being made a part of the decree by reference; if made a part of the decree by mere reference the court observed it was not incorporated in the decree within the meaning of that term as applied in Lazar v. Superior Court, supra, and Hough v. Hough, supra. In this connection, the court pointed out there is an obvious difference between an actual incorporation of an agreement into a decree and an attempted incorporation by mere reference, observing in this respect that if it is an actual incorporation then the decree standing alone carries within itself the complete measure of the rights and obligations of the parties; that in such instances the court file, the decree itself, supplies all the information necessary to any one who might be interested and, if recorded, it proclaims to the world the respective interest of the parties in any property involved. This, as pointed out by the court, would not be true if the agreement is made a part of the decree by reference only. In such instances the examination of the files would not result in constructing a complete picture of the rights and obligations of the parties from the decree alone. In the first illustration the agreement would become and be an integral and operating part of the decree and in the latter illustration the obligations thereof rest upon the contract and not upon the decree.

Following the review of the many cases as hereinabove mentioned in Shogren v. Superior Court, supra, we next have the case of Young v. Superior Court in and for City & County of San Francisco, 105 Cal.App.2d 65, 233 P.2d 39, where the husband was cited for and found guilty of contempt for failure to pay support and maintenance of the wife and minor children in accordance with an agreement annexed to a divorce decree. The only reference in the divorce decree to support was that it

was ordered, adjudged and decreed that the written agreement entered into between the parties with respect to the matter of support was approved, ratified and affirmed and made a part of the decree. On appeal, in reversing the lower court, it was concluded that the decree not having ordered the husband to make any payments, the lower court acted without and in excess of its jurisdiction for the reason that the husband had not violated any of the terms of the decree as such.

Later, the case of Kent v. Superior Court of State in and for City and County of San Francisco, 106 Cal.App.2d 593, 235 P.2d 420, was decided. There the settlement agreement between husband and wife prohibited the husband from alienation of certain assets for the purpose of defeating the rights of the wife. This agreement, a copy of which was attached to the decree and marked as an exhibit, was incorporated therein by such reference and ratified, approved and affirmed; the decree itself did not order the husband not to alienate such assets. In an action by the former wife, some time after a divorce decree had been entered, to prohibit such alienation, it was held that such obligation was not an obligation imposed by the decree and that the lower court was without jurisdiction to entertain the proceedings for a writ of prohibition.

The last expression of the California court on this subject is found in the case of Flynn v. Flynn, Cal.App., 252 P.2d 358, 359,

decided January 27, 1953. In this connection, some six years after marriage the parties entered into a so-called property agreement which, among other things, provided for the support of the wife; thereafter the wife was awarded a divorce; with reference to the agreement, the decree provided as follows:

" 'The property settlement agreement between the parties hereto * * is hereby ratified, approved and confirmed and the same is hereby specifically incorporated herein and made a part of this decree, and defendant is hereby *ordered* to make all of the payments provided therein to be paid by him, at the times and in the manner therein provided, and plaintiff and defendant are hereby *ordered* to comply in all respects with each and all of the terms and provisions of said agreement and to perform all their obligations thereunder as therein provided.' " (Emphasis supplied.)

The husband petitioned for modification of the decree with reference to provisions for support of the wife, seeking in that case, as the husband is seeking in this case, to terminate or reduce such payment. The court, in holding that the agreement was not part of the decree and hence the lower court was without jurisdiction to modify any of the provisions for support, reviews many of the earlier California cases, including Lazar v. Superior Court,

supra, and Hough v. Hough, supra, and stated aptly:

"* * * while the interlocutory decree *orders* appellant 'to make all of the payments provided therein to be paid by him', the terms of the agreement were not actually made a part of the decree, except by reference. The agreement was introduced in evidence in the divorce action as an exhibit only, and did not become part of the judgment roll. In the circumstances and upon authority of the foregoing principles of law, there was insufficient incorporation of the terms of the agreement in the divorce decrees to give the Superior Court jurisdiction to modify them." (Emphasis supplied.)

This question was presented to the Supreme Court of Oregon in the case of Hagen v. Hagen, 193 Or. 369, 238 P.2d 747. The wife instituted an action against the husband for money alleged to be owing and unpaid under the terms of a property settlement agreement. The trial court entered judgment for the wife and upon appeal the Supreme Court affirmed the judgment of the lower court, holding that since such terms of the agreement were not among those set forth in the divorce decree and no order was made therein directing compliance with the terms of the agreement, the rights of the parties rested on contract and not on the decree. In so holding the court pointed out that there were many sound reasons for holding that any decree which is enforceable by con-tempt proceedings should contain a definite and unconditional order directing the performance of specific duties or obligations. It likewise appropriately pointed out that a decree for the payment of support money frequently becomes the basis for an action before the court of another state due to default in making payments thereunder. In such a situation if action were brought in another state upon such decree it would be impossible for the court of a sister state to ascertain, either from the decree or from the pleadings, what duties had been imposed upon the husband in the Oregon court; moreover, the Supreme Court of Oregon, after reviewing several cases of other jurisdictions and particularly the cases of Colorado, which we will hereinafter discuss, quoted with approval the following from 1 Nelson on Divorce and Annulment, Vol. 1, Property Settlements and Agreements, sec. 13.48, p. 532, as follows:

"It has been held that in order to make support and property rights and obligations of parties to a divorce action, as included in an agreement of the spouses, a part of and governed by the decree rather than the agreement, the agreement must be fully and specifically set forth in the divorce decree, so that the duties and rights can be ascertained from the decree itself. But it has also been held that in a divorce action the judgment for alimony should not incorporate a prior agreement of the spouses, but if there is an agreement which appears to the court

fair and proper, the terms thereof may be included in the decree without incorporating the agreement as such or referring to it. A divorce decree, in a proper case, may order defendant husband to pay to plaintiff wife at a fixed place the sums specified in the agreement made between the spouses for her support, and attach the agreement as an exhibit thereto. A separate property settlement should not be incorporated into a divorce decree merely by reference thereto. Mere approval by the court of a property settlement, without setting out the settlement in the divorce decree, does not make the settlement a part of the decree, and thereafter the rights of the parties thereunder depend on the contract and not the decree."

In Colorado, in the case of Kastner v. Kastner, 90 Colo. 280, 9 P.2d 290, the court therein held that mere reference to and approval of the property and financial settlement contained in the findings of fact, conclusions of law and decree did not operate to make the independent contract of the parties a part of and enforceable as a decree of the court.

Later, in the case of McWilliams v. McWilliams, 110 Colo. 173, 132 P.2d 966, the decree entered contained the following with reference to the agreement of the husband and wife executed prior to the divorce proceedings: "Ordered, Adjudged and Decreed that the agreement heretofore entered into by and between the parties hereto, introduced in evidence herein and identified as Exhibit 'A' be and the same hereby is approved by the court and made a part of this decree". No information with respect to any provisions of the agreement was contained in the decree itself. The agreement specifically provided in the event a divorce decree was entered that, subject to rules of the court, the decree should specifically refer to and incorporate therein the provisions of the agreement with reference to the payment of certain moneys by the husband to the wife. The wife instituted an action to recover payment which she alleged to be due under the provisions of the agreement; the husband contended that the agreement was merged in the divorce decree. The court, in sustaining the position of the wife, held that the approval of the agreement by the court, the terms of which were not set forth in the decree itself, operated to make the rights of the parties rest upon the contract as contractual and not upon the decree as decreed rights and obligations; moreover, the court specifically pointed out that if the purported rights and obligations of the parties to a divorce action, where they have previously entered into a property agreement, are to rest upon the decree, then such agreement in respect to those rights and obligations should be fully and specifically set forth in the decree so that such duties, obligations and rights may be ascertained from the decree itself.

Later, in the case of Campbell v. Goodbar, 110 Colo. 403, 134 P.2d 1060, the Colo-

rado court reiterated and applied the rule announced in McWilliams v. McWilliams, supra. In this case the settlement agreement was filed with the clerk of the court. The decree ordered that payments under the agreement were approved and should be made. No other reference to the agreement was found. The agreement was not pleaded nor was it introduced in evidence. Later contempt proceedings were instituted because of failure to make the payments provided for in the agreement. The lower court found the husband guilty of contempt as it construed such reference to the agreement as an incorporation. In reversing the lower court, the Supreme Court quoted with approval and applied the language employed in McWilliams v. McWilliams, supra. See also Edwards v. Edwards, 113 Colo. 390, 157 P.2d 616 and United States Nat. Bank of Denver v. Bartges, 120 Colo. 317, 210 P.2d 600, where the court again recognized and applied the rule.

The Supreme Court of Arizona, in the case of Gillespie v. Gillespie, 74 Ariz. 1, 242 P.2d 837, approved the rule as announced in the cases of Kastner v. Kastner, 90 Colo. 280, 9 P.2d 290, and Lazar v. Superior Court in and for City and County of San Francisco, 16 Cal.2d 617, 107 P.2d 249, to the effect that if the language of the agreement shows an intent to make it a part of the divorce decree and the agreement is *actually* incorporated in the decree, the provisions of the agreement may be enforced as an order of the court. See also Ridenour v. Ridenour, 174 Wash. 152, 24

P.2d 418; Holloway v. Holloway, 130 Ohio St. 214, 198 N.E. 579, 154 A.L.R. 439; Davis v. Davis, 213 N.C. 537, 196 S.E. 819; 27 C.J.S., Divorce, § 301, p. 1159.

Later in the case of Glassford v. Glassford, 76 Ariz. 220, 262 P.2d 382, the court, while approving the rule as announced in the earlier case of Gillespie v. Gillespie, supra, and the case of Hough v. Hough, 26 Cal.2d 605, 160 P.2d 15, appears to have done violence to its application on the facts before it because the agreement was made part of the decree by reference only.

While the particular question has not been pointedly decided in this court, an examination of McDonald v. McDonald, 55 Idaho 102, 39 P.2d 293, and McDonald v. McDonald, 56 Idaho 444, 55 P.2d 827, in conjunction, one with the other, discloses that this court has recognized the principle as applied in the cases above discussed, though the court did not specifically treat the question of what constitutes an incorporation of the terms of an agreement into a divorce decree; moreover, the holdings therein clearly conform to sec. 32-706, I.C., which expressly limits the court, with respect to the matter of modification of support and maintenance to the wife, to a modification of the court's orders; if there is no such order embodied within a decree, then there is nothing in this respect for the court to modify.

We hold upon the authority of the cases hereinbefore set forth and reviewed that there was no incorporation of the terms of

**24**

the agreement in the divorce decree; that the agreement is not superseded by the decree but stands independent thereof and that the obligations imposed under the agreement are not those imposed by decree but by contract, and that the court below was without jurisdiction to modify such provisions of the agreement in the action instituted.

It follows that the judgment and order modifying the decree be and the same is hereby reversed with directions to the court below to dismiss such action. Costs to appellant.

PORTER, C. J., and GIVENS, TAYLOR and KEETON, JJ., concur.